**James Fraser CRUIKSHANK,**
**Appellant**

v.

**CONSUMER DIRECT MORTGAGE,**
**INC., Appellee.**

**No. 14–03–00286–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 2004.

Don D. Becker, Houston, for appellant.

John B. Wallace, Wade R. Quinn, Houston, for appellee.

Panel consists of Justices ANDERSON, SEYMORE and MURPHY.[1]

## OPINION

JOHN S. ANDERSON, Justice.

James Fraser Cruikshank appeals the summary judgment granted in favor of Consumer Direct Mortgage, Inc. On appeal, Cruikshank contends the trial court erred in striking portions of his summary judgment proof and in granting summary judgment against him. We affirm.

### I. Factual and Procedural Background

Cruikshank was employed by Consumer Direct Mortgage, Inc. ("CDM") for approximately six months. When Cruikshank accepted employment with CDM, he believed CDM would assist him in obtaining his loan officer certification, would pay him while he was obtaining his license, and

1. Senior Chief Justice Paul C. Murphy sitting by assignment.

would give him an opportunity to earn a substantial income. After his employment was terminated, Cruikshank sued CDM for breach of his employment contract, wrongful termination, fraud, tortious interference with business relations and defamation.

On December 20, 2002, CDM filed a motion for summary judgment combining no evidence and matter of law grounds. In support of its motion, CDM included Cruikshank's deposition excerpts. The only proof Cruikshank offered in response to CDM's motion was his own affidavit; CDM, however, filed objections and a motion to strike on January 8, 2003, challenging several statements contained in the affidavit. On January 13, 2003, the trial court sustained thirteen of CDM's objections to the affidavit and then granted CDM's motion for summary judgment.

Cruikshank raises four points of error on appeal, claiming the trial court erred by: (1) striking hearsay statements in his affidavit; (2) striking conclusory statements in his affidavit; (3) striking legal conclusions in his affidavit; and (4) granting CDM's motion for summary judgment.

## II. Exclusion of Summary Judgment Evidence

■ In points of error one, two and three, Cruikshank claims the trial court erred in sustaining CDM's objections to his affidavit. CDM objected to Cruikshank's affidavit because it contained hearsay, legal conclusions, conclusory statements, and statements contradicting his earlier deposition testimony. However, there is nothing in the record showing Cruikshank filed any response to CDM's motion to strike, objected to the trial court's ruling, or requested the trial court to reconsider its decision to strike various portions of his affidavit. Some of Cruikshank's objections on appeal appear meri-

torious, even though the record does not show they were presented to the trial court. For example, Cruikshank contends on appeal the trial court improperly excluded statements as hearsay when, in fact, they were not hearsay because the statements were admissions by a party opponent. But these complaints are not timely.

■ "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion...." TEX.R.APP. P. 33.1(a). We review the trial court's decision to exclude evidence under an abuse of discretion standard. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). However, appellant bears the burden to bring forth a sufficient record showing the trial court abused its discretion. *Russell v. City of Bryan*, 919 S.W.2d 698, 706 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Here, we do not know what arguments were presented to the trial court at the summary judgment hearing, and Cruikshank may not argue on appeal "any and every new [issue] that he can think of, nor can he resurrect [issues] that he abandoned at the hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Rayl v. Borger Econ. Dev. Corp.*, 963 S.W.2d 109, 113 (Tex.App.-Amarillo 1998, no pet.) By failing to object in the trial court, appellant has waived the right to complain on appeal about the trial court's ruling. *Rayl*, 963 S.W.2d at 113 (holding that because appellant did not object to trial court's ruling excluding summary judgment proof, the issue is waived); *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 705 (Tex. App.-Houston [1st Dist.] 1996, writ denied) (holding that because appellants never requested opportunity to amend summary judgment responses, appellants could not

complain on appeal of trial court's ruling sustaining objections and special exceptions to their affidavit); *Brooks v. Sherry Lane Nat. Bank*, 788 S.W.2d 874, 878 (Tex. App.-Dallas 1990, no writ) (holding appellant waived issue on appeal by not objecting to, or protesting, the motion to strike before trial court).

Accordingly, we overrule appellant's first three issues.

### III. CDM's Motion for Summary Judgment

*Summary Judgment Standards*

▇▇▇ In his fourth issue, appellant contends the trial court erred in granting CDM's motion for summary judgment. We review the granting of summary judgment *de novo* to determine whether the summary judgment proof establishes as a matter of law there is no genuine issue of material fact. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985); *Shaw v. Maddox Metal Works, Inc.*, 73 S.W.3d 472, 476 (Tex.App.-Dallas 2002, no pet.). On appeal, a summary judgment may be affirmed only on the grounds specifically stated in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993). When, as in this case, the trial court's order granting summary judgment does not specify on what grounds it was granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 932 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 83 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

A defendant moving for a traditional summary judgment has the burden of either conclusively disproving an element of the plaintiff's cause of action or conclusively proving all of the elements of an affirmative defense that would overcome plaintiff's cause of action. *Collins*, 871 S.W.2d at 932. Once a defendant meets this burden, the plaintiff must produce sufficient evidence to raise a fact issue as to those elements. *Massey*, 902 S.W.2d at 83. Summary judgment in favor of a defendant is proper only if, as a matter of law, the plaintiff could not succeed on any of the theories pleaded. *Collins*, 871 S.W.2d at 932. Every reasonable inference must be given to the non-movant and any doubts resolved in its favor. *Nixon*, 690 S.W.2d at 549.

When the defendant moves for a no-evidence summary judgment, it must specifically state the elements of a claim as to which there is no evidence. TEX.R. CIV. P. 166a(i); *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Once a no-evidence summary judgment has been filed, the non-movant must bring forth more than a scintilla of evidence to raise a fact issue on the challenged elements. *Id.* The evidence amounts to more than a scintilla when it rises "to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). We review the granting of a no-evidence summary judgment in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Green*, 1 S.W.3d at 130.

*Breach of Employment Contract*

▇▇▇ CDM contends on appeal, as it did in its motion for summary judgment, the causes of action based on the existence of the employment contract must fail as a matter of law because the agreement, as alleged by Cruikshank, violates the statute of frauds. Cruikshank contends, on the other hand, the statute of frauds is inapplicable because the parties did not agree on a term of employment. The statute of

frauds requires all agreements which cannot be performed within one year to be in writing. TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 2002). Therefore, the relevant inquiry is not whether a specified term of employment existed, but rather, whether the agreement was capable of being performed within one year. *See Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991).

■ CDM attached portions of Cruikshank's deposition as summary judgment proof. In his deposition, Cruikshank testified as follows:

Q: Did you understand the agreement that you reached with Consumer Direct Mortgage prior to the time that you left Momentum was one that would involve you being employed and that Consumer Direct Mortgage was agreeing to employ you for several years?

A: Absolutely.

        \*      \*      \*

Q: But, nonetheless, you understood, did you not, that the agreement that they were making with you in terms of their commitment, their compensation arrangement with you, you understood even as you were leaving Momentum, that was a basic agreement that was going to continue for more than that one-year period, correct?

A: Yeah.

■ To refute CDM's claims, Cruikshank's affidavit, attached as summary judgment proof, contained the following statement: "I did not know how long I would work for Defendant [CDM]." The trial court, however, granted CDM's motion to strike this statement because it contradicted previous testimony. That ruling has not been challenged on appeal. The only statement remaining in Cruikshank's affidavit regarding length of employment is that the length was never determined. That, however, is not sufficient to remove the agreement from the statute of frauds given Cruikshank's deposition testimony establishing the agreement was not capable of being performed in less than one year. Where an oral contract does not contain the performance terms, the contract's duration may be implied from extrinsic evidence. *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex.1982). If that evidence establishes the contract cannot be performed within one year, the oral contract violates the statute of frauds as a matter of law. *Id.* We accept as true Cruikshank's own deposition testimony that the oral employment contract could not be performed within one year; therefore, the contract is not enforceable under the statute of frauds. *See Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 504 (Tex.1998); *Schroeder,* 813 S.W.2d at 489 (holding appellant's deposition testimony that he believed his oral contract would exist for another eight to ten years was unenforceable pursuant to statute of frauds).

To establish a cause of action for wrongful termination, Cruikshank was required to prove (1) he and CDM had a contract that specifically provided that CDM did not have the right to terminate the employment contract at will, and (2) the employment contract was in writing. *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124, 127 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Therefore, because the contract is unenforceable under the statute of frauds, the claim for wrongful termination also fails as a matter of law. Accordingly, we find the trial court did not err in granting CDM's motion for summary judgment as to the breach of contract and wrongful termination claims.

### Defamation

■ To prevail on a cause of action for defamation, Cruikshank was required to prove: (1) CDM published a statement; (2) the statement was defamatory concerning Cruikshank; and (3) CDM was negligent regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998). CDM moved for summary judgment, claiming Cruikshank presented no evidence CDM published any defamatory statements or that CDM was negligent regarding the truth of any such statement. Cruikshank's response to CDM's motion for summary judgment merely stated that Cruikshank's affidavit was sufficient to raise a fact issue. However, given our disposition of points of error one through three, the remaining portions of the affidavit are insufficient to raise a genuine issue of material fact to the challenged elements. Therefore, summary judgment was properly granted on Cruikshank's defamation cause of action.

### Intentional Interference with Existing and/or Prospective Business Relationship

CDM argued in its motion for summary judgment there was no evidence (1) a contract existed, (2) CDM acted willfully or intentionally, (3) CDM's actions proximately caused the alleged damage, or (4) Cruikshank suffered any actual damages. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex.2000). In his response, Cruikshank claimed his affidavit was sufficient to establish a genuine issue of material fact. However, Cruikshank's claims are based on those portions of the affidavit excluded by the trial court. Considering the remaining portions of Cruikshank's affidavit, Cruikshank has failed to present more than a scintilla of evidence to overcome a no-evidence motion for summary judgment.

Accordingly, since we have upheld the trial court's decision excluding those portions of the affidavit relied upon by Cruikshank, we find summary judgment was properly granted as to his intentional interference with existing and/or prospective business relationship claims.

### Fraud

The only cause of action not specifically addressed in either party's summary judgment pleadings or on appeal was Cruikshank's fraud allegation. The trial court's order granting summary judgment dismissed all of Cruikshank's causes of action against CDM. CDM did not specifically address this cause of action in its motion for summary judgment; however, it moved for summary judgment on all causes of action related to the employment contract. Further, Cruikshank's amended petition did not delineate what actions CDM took to defraud him.

■ Criukshank's fourth point of error specifically states: "The trial court erred in granting CDM's motion for summary judgment because numerous fact issues existed." Under the *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119 (Tex.1970) rule, a point of error stating generally the trial court erred in granting summary judgment "is sufficient to preserve error and to allow argument as to all possible grounds upon which summary judgment should have been denied." *Spera v. Fleming, Hovenkamp & Grayson, P.C.,* 25 S.W.3d 863, 874 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (quoting *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930, 930–31 (Tex.1996) (per curiam)). Although Cruikshank has made a general *Malooly* point of error, we hold this is only sufficient to preserve a complaint if the specific ground challenged on appeal is supported by argument. *See* Tex.R.App. P. 38.1(h); *Spera,* 25 S.W.3d at 874. Cruikshank has failed to present any

argument or authorities on the fraud cause of action in his brief on appeal. He also failed to allege in his response to summary judgment, or in any pleadings submitted to the trial court, that his fraud claim was improperly included in the final summary judgment. Therefore, because Cruikshank has failed to raise any proper complaint regarding the trial court's grant of summary judgment on his fraud claim, any error is waived.

Appellant's forth point of error is overruled.

## IV. Conclusion

Having overruled appellant's four points of error, we affirm the judgment of the trial court.