Affirmed and Memorandum Opinion filed April 18, 2006









Affirmed
and Memorandum Opinion filed April 18, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00481-CV

____________

 

ROSA MARIA
HERNANDEZ LOPEZ, Individually; as Representative of the Estate of VICTOR
ESCOBAR, Deceased; and a/n/f of VICTOR RAMON ESCOBAR, ROSINA ESCOBAR HERNANDEZ
and MANUEL ESCOBAR HERNANDEZ, Minors; Appellant

 

V.

 

HARSCO
CORPORATION, Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 03-01941

 



 

M E M O R A N D U M   O P I N I O N

Appellant challenges the granting of
summary judgment in favor of appellee, Patent Construction Systems, a division
of Harsco Corporation, on appellant=s negligence and
gross negligence claims.  We affirm.  








Factual and
Procedural Background

Victor Escobar died from a fall during an
asbestos abatement project at Jones Hall in downtown Houston.  The City of Houston hired Escobar=s employer,
Certified/LVI Environmental Services, Inc. (hereinafter ACertified/LVI@) as general
contractor for removal of asbestos in the attic of Jones Hall.  Certified/LVI contracted with various
subcontractors, including Patent Construction Systems (hereinafter APatent@), which was hired
to install scaffolding for the asbestos workers to stand on while inside the
attic removing asbestos.  In the
contract, Patent agreed to install all scaffolding according to Occupational
Safety and Health Administration (AOSHA@) standards.  Patent=s requirements
included working ahead of Certified/LVI to install scaffolding before Certified/LVI
employees needed to use the scaffolding. 
OSHA standards require the leading edge of scaffolding to be no more
than 14 inches from the face of the working wall unless guardrails are in place
or workers wear a personal fall arrest protection system.[1]  

Sometime after the project began,
Certified/LVI=s foreman asked the foreman at Patent to
remove the guardrails from the scaffolding because they impeded the workers= ability to
efficiently remove asbestos.  Patent
complied with the request but insisted workers utilize personal fall arrest
protection.  Certified/LVI workers wore a
harness with a lanyard attached to the harness and a steel cable, which was
anchored to a beam or column.  

On November 6, 2002, Victor Escobar, while
not wearing his personal fall protection system, left the walkway and
scaffolding installed by Patent.  He
stepped into the soffit area of the Jones Hall attic and onto a travertine
marble panel, where he fell through the travertine panel onto the street below.[2]  Escobar fell more than 50 feet and died at
the scene before emergency personnel arrived. 









Appellant, Rosa Maria Hernandez Lopez,
wife of Victor Escobar, on behalf of herself, her husband, and the minor
children of Escobar, sued Certified/LVI for gross negligence and the City of
Houston for negligence.  Appellant later
added claims against Patent Construction Systems, a division of Harsco
Corporation, and Honesty Environmental Services, Inc. for negligence and gross
negligence.  Appellant settled all claims
with the City of Houston, Certified/LVI, and Honesty Environmental
Services.  Patent filed traditional and
no evidence motions for  summary judgment
asserting no duty or causation existed to support the claims.  Based on Patent=s motion,
appellant=s reply, and attached exhibits, the trial
court granted Patent=s motions for summary judgment as to all
claims.  This appeal ensued.   

Discussion

In one issue, appellant contends the trial
court erroneously granted summary judgment in light of the expert testimony and
other evidence raising a fact issue as to duty and causation.  We review the granting of summary judgment de
novo to determine whether summary judgment proof establishes as a matter of
law there is no genuine issue of material fact. 
Provident Life & Accident Ins. Co v. Knott, 128 S.W.3d 211,
215 (Tex. 2003); Nixon v. Mr. Property Mgmt. Co. Inc., 690 S.W.2d 546,
548B49 (Tex. 1985).

The movant for a traditional summary
judgment has the burden to show there is no genuine issue of material fact and
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon,
690 S.W.2d at 548.  A moving defendant
has the burden to conclusively disprove an element of the plaintiff=s cause of action
or conclusively prove all of the elements of an affirmative defense that would
overcome plaintiff=s cause of action.  Cruikshank v. Consumer Direct Mortgage,
Inc., 138 S.W.3d 497, 500 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  Once the defendant
meets this burden, the plaintiff must produce sufficient evidence to raise a
fact issue as to those elements.  Cruikshank,
138 S.W.3d at 500.  Summary judgment in
favor of a defendant is only proper if, as a matter of law, the plaintiff could
not succeed on any of the theories pleaded. 
Id.  We take all evidence 








favorable to the non-movant as true,
indulge every reasonable inference in favor of the non-movant, and resolve any
doubts in its favor.  See KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); Nixon, 690 S.W.2d at 548B49.  

When the defendant moves for a no-evidence
summary judgment, it must specifically state the elements of a claim as to
which there is no evidence.  Tex. R. Civ. P. 166a(i); Cruikshank,
138 S.W.3d at 500.  Once a no-evidence
summary judgment has been filed, the non-movant must bring forth more than a
scintilla of evidence to raise a fact issue on the challenged elements.  Cruikshank, 138 S.W.3d at 500.  The evidence amounts to more than a scintilla
when it Arises to a level
that would enable reasonable and fair-minded people to differ in their
conclusions.@  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  We review the granting of a no-evidence
summary judgment in the light most favorable to the non-movant, disregarding
all contrary evidence and inferences.  Green
v. Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).   

Appellant contends Patent owed a duty to
Escobar under several different theories, including breach of contract,
creating a dangerous condition, and negligent design and placement of the
scaffolding.  Appellant also contends
Patent breached its duty by locating the scaffolding too far from the face of
the wall where Escobar needed to work. 
Appellant further contends that, if the scaffolding had been closer to
the wall, Escobar would have been able to reach his work surface and would not
have needed to step off the scaffolding onto another unsafe location from which
he fell. 








The elements of a negligence cause of
action are the existence of a legal duty, a breach of that duty, and damages
proximately caused by the breach.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  The threshold inquiry is duty.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  A reviewing
court may assume the existence of a duty and resolve the appeal on the basis of
the other elements, such as proximate cause. 
Taylor v. Carley, 158 S.W.3d 1, 8 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  We,
therefore, assume without deciding Patent owed Escobar a duty.  

Proximate cause requires proof of cause in
fact and foreseeability.  IHS Cedars
Treatment Ctr., 143 S.W.3d at 798. 
Cause in fact and foreseeability cannot be satisfied by mere conjecture,
guess, or speculation.  Id. at 798B99.  Cause in fact is established when the act or
omission was a substantial factor in bringing about the injuries, and without
it, harm would not have occurred.  Id.
at 799.  Cause in fact is not established
when the defendant=s negligence does no more than furnish a
condition which makes the injuries possible. 
Id.  Therefore, even if the
injury would not have occurred but for the defendant=s conduct, the
conduct of the defendant may be too attenuated from the resulting injuries to
the plaintiff to be a substantial factor in bringing about the harm.  Id. 

Foreseeability means the actor should have
anticipated the dangers his negligent conduct created for others.  Reed v. Scott Fetzer Co., 990 S.W.2d
732, 737 (Tex. 1998); Taylor, 158 S.W.3d at 9.  Foreseeability does not require the actor to
anticipate the precise manner in which injury will occur once the dangerous
situation is created, but only that the general character might reasonably have
been anticipated.  Doe v. Boys Clubs
of Greater Dallas, 907 S.W.2d 472, 478 (Tex. 1995); Taylor, 158
S.W.2d at 9.  

Appellant established through summary
judgment evidence that Escobar stepped off the scaffolding to work in the
soffit area of the Jones Hall attic either to conduct the preparatory work of
laying polyethylene covering as a containment area for asbestos removal or to
clean asbestos debris which fell into the soffit area.  Depositions of two Certified/LVI employees
revealed that this area, specifically the soffit area, was off limits to
workers because the travertine marble panels were not safe enough to support
the weight of an adult male.  The
deposition of Jeff Galvan, Vice President of Certified/LVI, also revealed
Patent was not required to build scaffolding over the soffit area because no
asbestos was to be removed from there; rather, Certified/LVI employees were to
clean any asbestos material that may have fallen into the soffit area by using
HEPA vacuums with 12 foot long extensions. 








Moreover, Escobar stepped off the
scaffolding.  Appellant argues Escobar
would not have had to step off the scaffolding if the scaffolding was built
closer to the working wall.  Even if we
agree with appellant and the distance created a need for Escobar to step off
the scaffolding, the distance of the scaffolding to the wall only furnished a
condition which made Escobar=s injuries
possible.  Escobar apparently needed to
access an area which was not reachable while standing on the scaffolding, so he
stepped off the scaffolding while not wearing his personal fall protection.  The distance of the scaffolding from the wall
may have made Escobar=s injuries possible, but it was not a
substantial factor in bringing about the harm to Escobar.  Escobar did not fall from the
scaffolding.  

Furthermore, Escobar=s fall from a
restricted area of the attic was not a foreseeable danger of any negligent
design or construction of the scaffolding. 
No requirements existed for Patent to create scaffolding over the soffit
area of the Jones Hall attic.  All
employees were required to tie off for personal protection while in this area.[3]  Patent could not have foreseen or protected
against the danger of a situation where a worker stepped off Patent=s scaffolding to
work in a restricted area, while not wearing personal fall protection, and then
fell through that restricted area to the sidewalk below.  








Even if Escobar=s accident would
not have occurred but for the defendant=s design and
placement of the scaffolding, Patent=s conduct is too
attenuated from the resulting injuries to Escobar to be a substantial factor in
bringing about the harm.  See IHS
Cedars Treatment Ctr., 143 S.W.3d at 798B99 (holding cause
in fact and foreseeability may not be satisfied by mere conjecture, guess, or
speculation).  Therefore, we overrule
appellant=s issue on appeal challenging the granting
of Patent=s traditional summary judgment motion
because appellant failed to raise a fact issue as to causation.  Likewise, we overrule appellant=s issue on appeal
challenging the granting of Patent=s no evidence
summary judgment motion because appellant has failed to bring forth a scintilla
of evidence raising a fact issue as to the element of causation.  

Conclusion

For these reasons, we affirm the judgment
of the trial court.  

 

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 18, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

 

 

 

 

 











[1]  See 29
C.F.R. ' 1926.451(b)(3) (2005).  





[2]  Jones Hall is
a cylindrical building with a square attic, where the corners of the attic
overhang the cylinder base above the sidewalk outside.  The overhanging corner area is the
soffit.  When stepping onto the soffit
area, Escobar fell through this portion of the attic floor to the sidewalk
below. 





[3]  Patent=s construction manager, Dave Jefferies, testified
during his deposition that on approximately four or five occasions, he saw
Certified/LVI employees not wearing their personal fall protection system when
on the scaffolding.  Jefferies testified
that each time he saw this occur, he notified someone in authority at
Certified/LVI, and those respective individuals at Certified/LVI said they
would do something about it.  No
deposition excerpts in the record revealed anyone from Certified/LVI recalling
these conversations occurring with them. 
We view this apparent conflict in testimony in a light most favorable to
appellant.