Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00265-CV

____________

 

JEANENNE A. LOEWE, INDIVIDUALLY and D/B/A THE ELITE
SALON OF 1960, Appellant

 

V.

 

COMMONS AT WILLOWBROOK, INC.,
L&B REALTY ADVISORS, INC., AND INSTITUTIONAL PROPERTY MANAGERS, INC., Appellees

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 2005-46499

 



 

M E M O R A N D U M   O P I N I O N

In this lease dispute case, appellant Jeanenne Loewe,
individually and d/b/a The Elite Salon of 1960, appeals the summary judgment
granted in favor of appellees Commons at Willowbrook, Inc., L&B Realty
Advisors, Inc., and Institutional Property Managers, Inc. on numerous grounds. 
We affirm.








I.  BACKGROUND

Trammel Crow was the leasing agent for the Commons at
Willowbrook shopping center, which was owned by Commons at Willowbrook, Inc. (AWillowbrook@).  In 1999, Loewe
contacted Matthew Keener, a real estate agent with Trammel Crow, to inquire
about leasing a space in the shopping center in which to open a hair salon. 
Following discussions with Keener, Loewe executed a lease in March 2000.[1] 
Institutional Property Managers, Inc. (AIPM@) executed the
lease as property manager on behalf of Willowbrook, and L&B Realty
Advisors, Inc. (AL&B@) was Willowbrook=s asset manager. 
After encountering financial difficulties, Loewe closed her hair salon and
vacated the premises in December 2004.








In July 2005, Loewe filed her Second Amended Petition
against appellees and Trammel Crow, alleging common law fraud, statutory fraud,
negligence per se, and violations of the Texas Real Estate License Act (ARELA@)[2]
and the Texas Deceptive Trade Practices Act (ADTPA@).[3] 
All of Loewe=s claims were based on her allegations that (1) from
1999 until sometime after she vacated the leased premises in 2004, she believed
that Keener was representing her interests in their discussions concerning her
lease, (2) the RELA required Keener to disclose to Loewe that he represented
the landlord, Willowbrook, in the transaction,[4]
but Keener did not disclose to her that he represented Willowbrook or that he
did not represent her, (3) the RELA required Keener to provide Loewe a further
written notice of general information regarding real estate agency
relationships (Texas Real Estate Commission [ATREC@] Form 3), but
Loewe was never provided any such written notice, (4) neither Trammel Crow nor
appellees was licensed to conduct real estate transactions in Texas, (5) by
conducting real estate transactions without being properly licensed, failing to
disclose Keener=s dual agency relationship, and failing to
provide the agency disclosure notice, all in violation of RELA, appellees
misrepresented and concealed material facts, violated the DTPA, and caused the
lease to be void, (6) Loewe would not have executed the lease without her own
agent if she had known that Keener was only representing the interests of the
landlord, and (7) due to the economics of her business and the Alandlord-favorable@ terms of the
lease, Loewe was forced to close her hair salon, resulting in damages.

On August 4, 2006, the trial court granted summary judgment
in favor of Trammel Crow on Loewe=s claims.[5] 
Thereafter, the court severed Loewe=s claims against
Trammel Crow from those asserted against appellees and denied Loewe=s Motion for New
Trial.  After Loewe appealed the summary judgment granted in favor of Trammel
Crow, a panel of this court affirmed the lower court=s judgment in Loewe
v. Trammel Crow Co., No. 14-06-00971-CV, 2007 WL 4896850 (Tex. App.CHouston [14th
Dist.] Nov. 15, 2007, pet. denied) (mem. op., not designated for publication).

On December 4, 2006, appellees filed their First Amended
Motion for Summary Judgment in which they asserted no-evidence as well as
various traditional summary judgment grounds.  On January 4, 2007, appellees
filed their First Amended Motion to Strike Plaintiff=s Summary Judgment
Evidence.  On January 18, 2007, the trial court granted both of appellees= motions.  As to
summary judgment on Loewe=s claims, the court stated in its order,








Although the Court finds that there is a genuine
issue of material fact concerning Movants= compliance with the Texas Real Estate Licensing [sic] Act,
the Court determines that there is no genuine issue of material fact on Movants= affirmative defense to that claim C the expiration of the statute of
limitations and that Movant has eliminated all genuine issues of material fact
regarding the elements of the discovery rule and fraudulent concealment.  As to
all other claims, the Court grants both the no-evidence motion and the
traditional motion for summary judgment.

On
February 16, 2007, Loewe filed a Motion for New Trial.  However, before the
court ruled on her motion, Loewe filed the instant appeal.

II.  STANDARD OF REVIEW

To be entitled to traditional summary judgment, a defendant
must conclusively negate at least one essential element of each of the
plaintiff=s causes of action or conclusively establish each
element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997); Brown v. Hearthwood II Owners Ass=n, 201 S.W.3d 153,
159 (Tex. App.CHouston [14th Dist] 2006, pet. denied).  In reviewing
a traditional summary judgment, we examine the entire record in the light most
favorable to the non-movant, indulging every reasonable inference and resolving
any doubts against the motion.  Yancy v. United Surgical Partners Int=l, Inc., 236 S.W.3d 778,
782 (Tex. 2007).  When a trial court=s order granting
summary judgment does not specify the grounds upon which it was granted, we
will affirm the judgment if any of the theories advanced are meritorious.  See
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

A no-evidence motion for summary judgment must be granted
if:  (1) the moving party asserts that there is no evidence of one or more
specified elements of a claim or defense on which the adverse party would have
the burden of proof at trial and (2) the respondent produces no summary
judgment evidence raising a genuine issue of material fact on those elements.  See
Tex. R. Civ. P. 166a(i).  In
reviewing a no-evidence summary judgment, we apply the same standard, but
consider only the evidence contrary to the motion.  See City of Keller v.
Wilson, 168 S.W.3d 802, 825 (Tex. 2005).








III.  ANALYSIS

A.      Summary
Judgment Evidence

We first address Loewe=s eighth issue in
which she contends the trial court erred in granting appellees= First Amended
Motion to Strike Plaintiff=s Summary Judgment Evidence.  Specifically,
she complains about the exclusion of Exhibits 4 and 5 (website printouts of TREC Licensee
Information Searches), Exhibit 9 (Loewe=s Affidavit),
Exhibit 12 (copy of L&B=s Lease Application) and Exhibit 17 (copy
of a letter dated December 7, 2004 from Loewe=s attorney to
appellees).  Appellees= response is two-fold.  First, they argue
that Loewe has failed to preserve the issue for review by failing to object in
the trial court to the exclusion of the evidence.  Second, they argue that the
trial court nevertheless properly struck Loewe=s summary judgment
evidence because (1) the affidavit contained inadmissible legal conclusions,
hearsay, and speculation and contradicted Loewe=s deposition
testimony and (2) the remaining exhibits constituted unauthenticated hearsay.

AAs a prerequisite to presenting a
complaint for appellate review, the record must show that: (1) the complaint
was made to the trial court by a timely request, objection, or motion . . . .@  Tex. R. App. P. 33.1.  We review the
trial court=s decision to exclude evidence under an abuse of
discretion standard.  City of Brownsville v. Alvarado, 897 S.W.2d 750,
753B54 (Tex. 1995). 
However, an appellant bears the burden to bring forth a sufficient record
showing the trial court abused its discretion.  Cruikshank v. Consumer
Direct Mortgage, Inc., 138 S.W.3d 497, 499 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).








Here, the record reflects that Loewe did not file a
response to appellees= motion to strike.  Further, although she
filed a motion for new trial, Loewe did not object to the striking of her
summary judgment evidence in the motion or otherwise request the court to
reconsider its ruling.  By failing to object in the trial court, Loewe has
waived the right to complain on appeal about the trial court=s ruling.  See
id. (concluding appellant waived complaint on appeal by failing to file any
response to defendant=s motion to strike, objecting to trial
court=s ruling, or
requesting trial court to reconsider its decision to strike various portions of
his affidavit); Inglish v. Prudential Ins. Co., 928 S.W.2d 702, 705
(Tex. App.CHouston [1st Dist.] 1996, writ denied) (holding that
because appellants never requested opportunity to amend summary judgment
responses, appellants could not complain on appeal of trial court=s ruling
sustaining objections and special exceptions to their affidavit); Brooks v.
Sherry Lane Nat=l Bank, 788 S.W.2d 874,
878 (Tex. App.CDallas 1990, no writ) (holding appellant waived issue
on appeal by not objecting to, or protesting, the motion to strike before trial
court).[6] 
Loewe=s eighth issue is
overruled.

B.      Fraud and
RELA Claims

In issues one through five, ten, and eleven, Loewe makes
various arguments related to the summary judgment granted in favor of appellees
on her fraud and RELA claims.  Because these arguments are intertwined, we
address them together.

1.       Statute
of Limitations

In their motion for summary judgment, appellees argued that
Loewe=s claims for
common law fraud, statutory fraud, RELA violations, violation of the  DTPA, and
negligence per se were each barred by the applicable statutes of limitations. 
In its order, the trial court granted summary judgment to appellees on Loewe=s RELA claim based
on their statute of limitations defense.  The court further determined that
there were no genuine issues of material fact regarding the elements of the
discovery rule or fraudulent concealment.  As to Loewe=s other claims,
including statutory and common law fraud, the trial court granted summary
judgment on both no-evidence and traditional grounds.








A claim brought under the RELA is subject to a two-year
statute of limitations.  See Tex.
Occ. Code Ann. ' 1101.605 (Vernon 2004).  A fraud claim is
subject to a four-year statute of limitations.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.004(a)(4)
(Vernon 2002); Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 617 (Tex.
2007).  For limitations purposes, a cause of action accrues when a wrongful act
causes some legal injury, even if the injury is not discovered until later and
even if all of the resulting damages have not yet occurred.  See S.V. v.
R.V., 933 S.W.2d 1, 4 (Tex. 1996); Seureau v. ExxonMobil Corp., No.
14-07-00176-CV, ___ S.W.3d ___, 2008 WL 4584961, at *14 (Tex. App.CHouston [14th
Dist.] Oct. 16, 2008, no pet. h.).  Stated differently, a cause of action
generally accrues when facts come into existence which authorize a claimant to
seek a judicial remedy.  Seureau, 2008 WL 4584961, at *14.

Here, Loewe=s fraud and RELA claims center on her
allegations that Keener failed to disclose his dual agency, was not a licensed
broker, and failed to provide her with an agency disclosure notice during
negotiation of the lease.  The record reflects that Loewe signed the lease on
March 10, 2000 and thus, her claims accrued on that date.  Loewe, however, did not
file her lawsuit until August 5, 2005Cmore than five
years after she signed the lease.  As such, her fraud and RELA claims were
filed after expiration of the applicable statutes of limitations.

2.       Deferral
of Claims

Loewe also argues that the court erred in granting summary
judgment because the discovery rule and doctrine of fraudulent concealment
deferred the accrual of her fraud and RELA causes of action.  Appellees contend
that Loewe failed to carry her burden to show that either rule applies here.

a.       Discovery
Rule








Accrual of a cause of action is deferred in two types of
cases: those involving the discovery rule and those involving fraud or
fraudulent concealment.  S.V., 933 S.W.2d at 6.  In the former, Athe nature of the
injury incurred is inherently undiscoverable and the evidence of injury is
objectively verifiable.@  Id. (quoting Computer Assocs.
Int=l v. Altai, Inc., 918 S.W.2d 453,
456 (Tex. 1996)).  An injury is inherently undiscoverable if it is by nature
unlikely to be discovered within the applicable limitations period despite due
diligence.  Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734B35 (Tex. 2001); S.V.,
933 S.W.2d at 7.  An injury is objectively verifiable if the facts upon which
liability is asserted are demonstrated by direct, physical evidence, expert
testimony, or is otherwise indisputable.  See S.V., 933 S.W.2d at 7.

Loewe=s brief has not cited, nor have we found,
any evidence demonstrating why the nature of her alleged injury was such that
it was unlikely to be discovered despite due diligence.  In her summary
judgment response, Loewe argues only that her affidavit is the sole evidence
showing when she discovered the alleged misrepresentations and concealment and
that she was unaware of them until after she closed her hair salon.  We further
note that the trial court struck Loewe=s affidavit from
her summary judgment response.  Notwithstanding, even if the affidavit could be
considered, it does not explain how she found out about the alleged fraud or,
more importantly, why her alleged injury was unlikely to be discovered within
two years of signing the lease.  Accordingly, Loewe=s summary judgment
response fails to raise a fact issue with respect to the discovery rule.

b.       Fraudulent
Concealment








Similarly, fraudulent concealment defers the accrual of a
cause of action until the plaintiff discovers or should have discovered the
deceitful conduct or facts giving rise to the cause of action.  Earle v.
Ratliff, 998 S.W.2d 882, 888 (Tex. 1999).  The fraudulent concealment
doctrine defers the accrual of a cause of action because Aa person cannot be
permitted to avoid liability for his actions by deceitfully concealing
wrongdoing until limitations has run.@  S.V., 933
S.W.2d at 6.  For the doctrine to apply, the plaintiff must prove the defendant
(1) had actual knowledge of the wrong, (2) had a fixed purpose to conceal the
wrong, and (3) did conceal the wrong from the plaintiff.  See Shah v. Moss,
67 S.W.3d 836, 841 (Tex. 2001); Quigley v. Bennett, 256 S.W.3d 356, 360B61 (Tex. App.CSan Antonio 2008,
no pet.).

A party asserting fraudulent concealment as an affirmative
defense to the statute of limitations has the burden to raise it in response to
the summary judgment motion and to come forward with summary judgment evidence
raising a fact issue on each element of the fraudulent concealment defense.  KPMG
Peat Marwick v. Harrison Co. Hous. Fin. Corp., 988 S.W.2d 746, 749 (Tex.
1999).  As to the first element, Loewe argues that appellees had actual
knowledge when they failed to produce a RELA form and a valid Texas real estate
license by Trammel Crow.  Even assuming this is true, this does not demonstrate
that appellees had actual knowledge of the alleged wrongs.  With respect to the
second element, Loewe=s argument that appellees purposefully
concealed Keener=s alleged undisclosed dual agency and
failure to be licensed because Ait would conclusively prove that [] that
was their purpose@ is circular and simply does not raise a
fact issue as to this element.  As to the third element, Loewe=s assertion that A[b]ecause the
appellees cannot explain their actions, it is obvious they remained silent when
they had a duty to speak@ does not support her contention that
appellees concealed the alleged wrongs.  Moreover, Loewe=s summary judgment
response does not even appear to address the rule of fraudulent concealment or
otherwise identify evidence supporting the elements of this rule.  See id.
(party asserting fraudulent concealment as affirmative defense to statute of
limitations bears burden of raising defense in response to summary judgment
motion).

In sum, Loewe did not carry her burden of adducing summary
judgment evidence raising a fact issue with respect to the discovery rule or
fraudulent concealment to avoid application of the statutes of limitations.  We
conclude the trial court properly granted summary judgment in favor of
appellees on Loewe=s fraud and RELA claims.  Having found
that the trial court properly granted summary judgment on Loewe=s fraud and RELA
claims  on the limitations issue, it is unnecessary to address Loewe=s arguments regarding
the other summary judgment grounds.  We overrule issues one through five, ten,
and eleven.








C.      DTPA and Negligence Per Se Claims 

In issues six and seven, Loewe contends that the trial
court erred in granting summary judgment to appellees on her DTPA claim.  In
issue nine, she argues that the trial court erred in not permitting her to
recover under the doctrine of negligence per se.

When a trial court=s order granting
summary judgment does not specify the grounds upon which it was granted, we
will affirm the judgment if any of the theories advanced are meritorious.  See
Carr, 776 S.W.2d at 569.  Here, the trial court granted summary judgment on
Loewe=s DTPA and
negligence per se claims without specifying the particular ground.  In
its motion for summary judgment, appellees argued, among other things, that
Loewe=s DTPA and negligence
per se claims were subject to a two-year statute of limitations.  See  Tex. Bus. & Com. Code Ann. ' 17.565 (Vernon
2002); Tex. Civ. Prac. & Rem. Code
Ann. ' 16.003(a) (Vernon 2002).  As previously discussed, Loewe signed the
lease on March 10, 2000, and therefore, her claims accrued on that date. 
Loewe, however, did not file her lawsuit until August 5, 2005Cmore than five
years after she signed the lease.  As such, her DTPA and negligence per se
claims are barred by the applicable statutes of limitations.








A review of the record reveals that Loewe=s DTPA and
negligence per se claims are based on the same allegations as those
underlying her RELA and fraud claims, namely, the alleged non-disclosures
concerning the agency relationship and the alleged lack of licensing.[7] 
We concluded above that Loewe failed to carry her burden of adducing summary
judgment evidence raising a fact issue with respect to the discovery rule or
fraudulent concealment to avoid application of the statute of limitations to
her fraud and RELA claims.  Because the same allegations underlie Loewe=s DTPA and
negligence per se claims, we likewise find that neither the discovery rule nor
the doctrine of fraudulent concealment defers either cause of action.  We
conclude the trial court properly granted summary judgment in favor of
appellees on Loewe=s DTPA and negligence per se claims. 
Because we find the trial court properly granted summary judgment on the
limitations issue, it is unnecessary to address Loewe=s arguments
regarding the other summary judgment grounds.  We overrule issues six, seven,
and nine.

D.      Breach of Fiduciary Duty

In issue twelve, Loewe argues that appellees owed her a
fiduciary duty which they breached when they allegedly violated the RELA. 
Appellees contend that because Loewe never raised a breach of fiduciary duty
claim in her petition, summary judgment response, or motion for new trial, she
is precluded from raising it for the first time on appeal.  

In her reply brief, Loewe claims that she was not required
to plead the existence of a fiduciary duty.  She does not cite any authority
for this proposition, not are we aware of any.  A review of the record reveals
that Loewe did not assert a breach of fiduciary duty claim in her Second
Amended Petition.  Further, while she discussed the duties owed by a real
estate licensee in her summary judgment response, it is solely in the context
of her RELA claims.  See Mayfield v. Lockheed Eng=g & Sci. Co., 970 S.W.2d 185,
187 n.2 (Tex. App.CHouston [14th Dist.] 1998, pet. denied)
(noting appellate court was precluded from reviewing issue raised in brief that
was never asserted in amended petition and was contradicted by deposition
testimony).  In light of our disposition of her RELA claim, and her failure to
assert a breach of fiduciary duty claim in her petition, Loewe=s argument is
without merit.  Issue twelve is overruled.








We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B.
Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 11, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

 









[1]  Loewe subsequently executed three lease amendments
in June 2000, October 2001, and October 2003, respectively.





[2]  The RELA has been re-codified since the operative
facts of this case occurred.  See Act of May 22, 2001, 77th Leg., R.S.,
ch. 1421, ' 13, 2001 Tex. Gen. Laws 4570, 5020.  The parties do
not suggest that there are any differences between the former and current
versions of the statutes that are germane to this appeal.  Thus, for ease of
reference, we will cite to the codified version.  See Tex. Occ. Code Ann. ' 1101.558 (Vernon 2004).





[3]  In her Original Petition filed July 21, 2005, Loewe
asserted claims of common law fraud/fraudulent inducement, statutory fraud, violations of the Texas Deceptive
Trade Practices Act, common law negligence, negligent misrepresentation, gross
negligence, negligence per se, breach of fiduciary duty, and respondeat
superior liability.





[4]  Section 1101.558(b)(1) of the Texas Occupation Code
provides that A[a] license holder who represents a party in a
proposed real estate transaction shall disclose, orally or in writing, that
representation at the time of the license holder=s first contact with . . . another party to the transaction.@





[5]  Trammel Crow moved for summary judgment on
no-evidence and various traditional summary judgment grounds.  The trial court
granted the motion without specifying the basis on which it was granted. 





[6]  In her Reply Brief, Loewe argues that appellees= objections to her summary judgment evidence were Aof no effect@
because the case did not go to trial.  She argues that she was not required to
do anything following the granting of summary judgment other than file an
appeal, and that her appeal is her first opportunity to complain of the
exclusion of her summary judgment evidence.  Loewe cites no authority for her
position, nor are we aware of any.  Further, her argument is contrary to the
well-established rule that a party must present to the trial court a Atimely request, objection, or motion@ in order to preserve a complaint for appellate
review.  See Tex. R. App. P. 33.1(a).





[7]  In support of her DTPA claim, Loewe=s brief also refers to the portion of her affidavit
stating that Keener told her that the price and other terms of her lease were
the best that could be obtained in the area and similar to what other shopping
centers in the area were charging.  However, her summary judgment response did
not reference this statement from her affidavit.  See KPMG Peat Marwick,
988 S.W.2d at 748 (noting that non-movant must adduce summary judgment evidence raising
fact issue in avoidance of statute of limitations).  Moreover, her affidavit was struck by the trial court.