

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-22-00652-CV

John **SCHUMACHER**,
Appellant

v.

Charles **TROIS**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-16882
Honorable Aaron Haas, Judge Presiding

Opinion by:　　Irene Rios, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　　Luz Elena D. Chapa, Justice
　　　　　　Irene Rios, Justice
　　　　　　Beth Watkins, Justice
　　　　　　Liza A. Rodriguez, Justice
　　　　　　Lori I. Valenzuela, Justice
　　　　　　Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2024

I respectfully concur because I believe the issue of error preservation is more nuanced than

the majority allows, and existing rules and standards are sufficient, without complicating the matter

or overruling distinguishable authority. My chief disagreement with the majority is the imposition

of a one-size-fits-all rule: "that a party is not required to object to a trial court's ruling excluding

summary-judgment evidence to preserve appellate review of the trial court's order sustaining the objections." *Schumacher v. Trois*, No. 04-22-00652-CV, Slip Op. at 13 (Dec. 23, 2024, no pet. h.) (en banc). In my view, what is required depends upon the circumstances, including the objection to the summary-judgment evidence and the evidence excluded. To determine the matter, we need only apply Rule 33.1.

Rule 33.1(a) provides:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a). Application of this rule can be counterintuitive when the complaint on appeal is that the trial court improperly excluded evidence after sustaining an objection. Conceptually, the rule may require the complaining party to object to a ruling, if the complaint and the grounds are not "apparent from the context." *Id.*

In the trial context, that Rule 33.1 may require a response is noncontroversial. The trial context is also relevant because, "[i]t is well settled that . . . the same evidentiary standards that

apply in trials also control the admissibility of evidence in summary-judgment proceedings, [and] the rules of error preservation also apply." *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022) (citation and brackets omitted). To preserve error related to the exclusion of evidence at trial,

> a party must: (1) attempt during the evidentiary portion of the trial to introduce the evidence; (2) if an objection is lodged, specify the purpose for which it is offered and give the trial judge reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the judge rules the evidence inadmissible, make a record, either by offer o[f] proof or through a formal bill of exception[], of the precise evidence the party desires admitted.

*In re J.O.*, No. 04-07-00752-CV, 2008 WL 2037404, at *2 (Tex. App.—San Antonio May 14, 2008, no pet.) (mem. op.); *accord Kinder Morgan Prod. Co., LLC v. Scurry Cnty. Appraisal Dist.*, 637 S.W.3d 893, 906–07 (Tex. App.—Eastland 2021, pet. denied). Texas Rule of Evidence 103 concerns offers of proof. TEX. R. EVID. 103(a)(2); *see also* TEX. R. APP. P. 33.1(a)(1)(B) (requiring compliance with Texas Rules of Evidence to preserve error). Rule 103(a)(2) provides: "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2).

Without drifting too far from the matter at hand, I simply wish to highlight: (1) it is our usual practice to require a party to respond after a trial court sustains an evidentiary objection at trial in order to preserve error, *see In re J.O.*, 2008 WL 2037404, at *2; TEX. R. EVID. 103(a)(2); (2) evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings — as do the rules of error preservation, *see FieldTurf USA*, 642 S.W.3d at 837; and (3) our rules of error preservation provide flexibility where a matter is "apparent from the context." *See* TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. EVID. 103(a)(2).

With these principles in mind, I believe the correct rule, if we even need to announce one, is that Rule 33.1 *requires* a party to object to a trial court's ruling excluding summary-judgment evidence to preserve appellate review of the trial court's order sustaining an objection, *unless* the nonmovant's complaint and the specific grounds for the complaint were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A). The majority, however, would never require an objection by the party whose summary-judgment evidence was excluded. Although it does not discuss Rule 33.1 in detail, the majority, in effect, allows the "apparent from the context" exception in Rule 33.1 to swallow the baseline requirement that the complaining party must make an objection in all cases in which summary-judgment evidence is excluded.

The majority's approach may be appropriate for some cases. For example, with a trial court ruling sustaining an objection that a summary-judgment affidavit is conclusory, we may be able to discern from the affidavit alone an apparent objection to the ruling (the affidavit was not conclusory), *see id.*, and the substance of the excluded evidence (the statements in the affidavit), *see id.* R. 33.1(a)(1)(B); TEX. R. EVID. 103(a)(2). *Cf. Browder v. Moree*, 659 S.W.3d 421, 422–43 (Tex. 2022) (per curiam) (disapproving court of appeals' holding "that after the trial court has denied a party's demand for a jury trial, the party must also object to that ruling to preserve the issue for appellate review").

In other circumstances, however, it may not be apparent that any complaint has been made to the trial court or the specific grounds for the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Browder*, 659 S.W.3d at 423 ("A party preserves error by a timely request that makes clear — by words or context — the grounds for the request[.]" (citation omitted)). For example, in *Villejo Enterprises*, the summary-judgment movants filed a no-evidence and traditional motion for summary judgment, and the nonmovant filed a response with summary-judgment evidence.

*Villejo Enters., LLC v. C.R. Cox, Inc.*, No 04-19-00882-CV, 2021 WL 185528, at *1 (Tex. App.—San Antonio Jan. 20, 2021, no pet.) (mem. op.). The movants then filed objections to the nonmovant's summary-judgment evidence. *Id.* The trial court sustained the objections and granted summary judgment in favor of the movants. *Id.* On appeal, the nonmovant complained, among other things, that "the trial court erred in ruling on [the movants'] summary judgment objections because their written objections were filed the night before the hearing when discovery was still ongoing in the case." *Id.* at *2. It is hard to fathom how the nonmovant's complaint could have been apparent to the trial court without that particular complaint having been raised by the nonmovant with the trial court. In such a situation, Rule 33.1 may appropriately require the nonmovant to bring its complaint to the trial court's attention to preserve error. *See* TEX. R. APP. P. 33.1(a)(1); *Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 281 (Tex. App.—El Paso 2004, no pet.) ("Although [nonmovant] specifies in its appellate brief the purposes for which [its summary-judgment] evidence was offered and the reasons why it was admissible, the record does not reflect that [nonmovant] apprised the trial court of these arguments. Therefore, the arguments are not preserved."); *cf. Samson Expl., LLC v. T.S. Reed Properties, Inc.*, 521 S.W.3d 766, 783 (Tex. 2017) ("[R]equiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal." (citation omitted)). The procedure for bringing a complaint to the trial court's attention need not be formal. *See* TEX. R. APP. P. 33.1(a), (c); *cf. FieldTurf USA*, 642 S.W.3d at 838–39 (allowing use of reporter's record to establish Rule 33.1(a)(2)(A) requirement that trial court ruled on objection).

Hearsay presents another situation in which the party complaining on appeal may need to develop its complaint in the trial court to preserve error. The supreme court has instructed: "The

proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004). If a summary-judgment movant objects to a nonmovant's summary-judgment affidavit on hearsay grounds and the trial court sustains the objection, the specific grounds for the nonmovant's complaint on appeal (i.e., that the ruling was error because an exception to hearsay applies) is brought to the trial court's attention only through some response by the nonmovant. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 499–500 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding nonmovant failed to preserve error regarding exclusion of evidence on hearsay and other grounds because nothing in appellate record showed what arguments for admission nonmovant presented to trial court); *cf. Samson Expl.*, 521 S.W.3d at 783 ("[J]udicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error." (citation omitted)). Yet, under the majority's rule, error is preserved regardless.

The majority acknowledges these complications in passing. Its footnote 5 purports to state a limit to its holding:

> [W]e are solely determining whether the trial court erred when it sustained Trois's objections on best evidence, personal knowledge, and conclusory grounds. In this situation, the parties' positions were clear to the trial court and are clear on appeal. . . . Because we are not presented with issues where the proponent of the evidence asserts exclusions or exceptions within the evidentiary rules as grounds for admissibility, we make no determination on whether a proponent of the evidence must first assert those exceptions or exclusions in the trial court to reassert those complaints on appeal.

*Schumacher*, No. 04-22-00652-CV, Slip Op. at 18 n.5. However, if the majority's holding is narrow, why does it adopt a sweeping rule? And why does it abrogate *Villejo Enterprises*, a case in which best evidence, personal knowledge, and conclusory grounds were not asserted? *Cf.*

*Mitchske v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (explaining *stare decisis* applies when a prior case is "materially indistinguishable").[1]

I write on this matter only because the majority does. If we are committed to addressing preservation,[2] it is enough to apply Rule 33.1 to the circumstances of this case, without abrogating *Villejo Enterprises* or announcing a rule that sweeps too broadly. Because the majority does otherwise, I respectfully concur in the judgment only.

Rebeca C. Martinez, Chief Justice

---

[1] In all events, there is no need to abrogate *Mangione v. Government Personnel Mutual Life Insurance Co.*, No. 04-01-00655-CV, 2002 WL 1677457 (Tex. App.—San Antonio July 24, 2002, pet denied) (mem. op., not designated for publication) because it is not precedential. *See* TEX. R. APP. P. 47.7(b).

[2] My preference is to avoid the issue altogether. We should assume, without deciding, that Schumacher preserved his evidentiary issues and hold that his issues are meritless regardless. *See, e.g.*, *Bank of San Antonio v. Bryant*, No. 03-22-00311-CV, 2024 WL 3279538, at *2, *6 (Tex. App.—Austin Jul. 3, 2024, pet. filed) (mem. op.) (assuming preservation where nonmovant did not complain to trial court about exclusion of summary-judgment evidence and affirming, even assuming preservation and evidentiary error); *see also Tex. Commerce Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam) (assuming error was preserved but, nevertheless, overruling issues). Better still, the original panel assigned to this appeal should have taken this approach; for that reason, I dissented to our *sua sponte* decision to consider this case *en banc*. *See* TEX. R. APP. P. 41.2(c) ("En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.").