## PLEXCHEM INTERNATIONAL, INC., Petitioner,

v.

## HARRIS COUNTY APPRAISAL DISTRICT, Respondent.

No. 95–1227.

Supreme Court of Texas.

May 10, 1996.

Kent J. Pagel, Martyn B. Hill, Houston, for Petitioner.

Robert P. McConnell, Houston, for Respondent.

## OPINION

PER CURIAM.

In this *ad valorem* tax case, the trial court rendered summary judgment for Plexchem, holding that the Harris County Appraisal District's (HCAD) tax assessment on Plexchem's goods was unconstitutional. The court of appeals reversed and remanded. 1995 WL 505962. Both parties appealed by application for writ of error to this Court. HCAD, in its application, claims that the court of appeals erred by concluding that HCAD did not preserve error on its argument that Plexchem failed to exhaust administrative remedies. We agree that the court of appeals erred on this issue, and we therefore grant HCAD's application for writ of error. Because of our disposition in this case, it is not necessary to reach the merits of Plexchem's application.

The court of appeals erred in holding that HCAD waived error by not assigning a point of error to its argument that Plexchem failed to exhaust administrative remedies. *Id.* at *2 n. 3. HCAD's first point of error in its brief to the court of appeals stated: "The trial court erred by granting Plexchem's motion for summary judgment." This Court

has recognized that such language is sufficient to preserve error and to allow argument as to all possible grounds upon which summary judgment should have been denied. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). In addition to using this language in its point of error, HCAD presented three pages of argument and authorities on this issue in its brief. For example, HCAD wrote that it "showed, as a matter of law, that Plexchem never pursued the administrative remedies available to it under Chapter 41 of the Tax Code; therefore, the trial court erred, under Texas law, in entering judgment in favor of Plexchem." HCAD's point of error and accompanying briefing were adequate to preserve error on this issue. We therefore reverse the judgment of the court of appeals, and because the court of appeals did not reach the merits of this issue, we remand for the court of appeals to decide whether Plexchem adequately exhausted its administrative remedies.

Plexchem brings its own application for writ of error challenging the constitutionality of the tax on its goods. The court of appeals based its constitutional analysis largely on its decision in *Harris County Appraisal District v. Virginia Indonesia Co.*, 871 S.W.2d 864 (Tex.App.—Houston [14th Dist.] 1994). We reversed that decision in *Virginia Indonesia Co. v. Harris County Appraisal District*, 910 S.W.2d 905 (Tex.1995) (*VICO*). Thus, the court of appeals, if it concludes that Plexchem exhausted its administrative remedies, should reexamine the constitutionality of the tax on Plexchem's goods in light of our decision in *VICO*. We need not decide this question today because of our disposition in this case. Therefore, we deny Plexchem's application for writ of error without addressing its merits and without prejudice to Plexchem's right to appeal to this Court after the court of appeals has had an opportunity to reconsider its rulings.

For the foregoing reasons, the Court grants HCAD's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands to the court of appeals for further proceedings in light of this opinion. *See* TEX.R.APP.P. 170.