

NUMBER 13-07-00367-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LETICIA ELIZALDE DE PINO,
DEBRA METZER AND KATHERINE METZER,                    Appellants,

v.

JEFFERSON-PILOT LIFE INSURANCE COMPANY,            Appellee.

On appeal from the 103rd District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellants, Leticia De Pino, Debra Metzger Finch, and Katherine Metzger sued

appellee, Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot"), alleging among other

things, breach of contract, negligence, and violations of former article 21.21-2 of the

insurance code.[1]  *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.12, 1991 TEX. GEN. LAWS 939, 1060, *repealed by* Act of May 20, 2003, 78th Leg., R.S., ch. 1274, § 26, 2003 TEX. SESS. LAW SERV. 3611, 4138 (Vernon) (current version at TEX. INS. CODE ANN. §§ 542.001-.014 (Vernon Pamphlet 2008)).  Jefferson-Pilot filed a motion for summary judgment, which the trial court partially granted without stating its reasoning,[2] thereby dismissing appellants from the suit.  On appeal, appellants assert four issues.  We affirm.

## I.  FACTUAL AND PROCEDURAL HISTORY

In 1987, Sort-Rite International, Inc. ("Sort-Rite") purchased a $1,500,000 "key person" life insurance policy insuring the life of Shirley Metzger, who owned eighty-five percent of Sort-Rite.  The policy was issued by Jefferson-Pilot and contained a "split dollar endorsement"[3] between the employer, Sort-Rite and co-beneficiaries.  Shirley Metzger signed the endorsement which listed her as the co-owner of the policy, Sort-Rite as the employer, and Debra Metzger Finch, Katherine Metzger, and Frances Merrick as co-beneficiaries.  Under the terms of the endorsement, the policy's terms control in the event of a conflict between the endorsement and the policy.  Additionally, the endorsement

---

[1] The original plaintiffs were De Pino, individually and as executrix of the estate of Shirley Metzger, Debra Metzger Finch, and Katherine Metzger.  After the partial granting of Jefferson-Pilot's motion for summary judgment and dismissing the claims of De Pino individually, Debra Metzger and Katherine Metzger, the trial court severed the partial summary judgment for purposes of appeal.  *See Cherokee Water Co. v. Forderhouse*, 641 S.W.2d 522, 525 (Tex. 1982).  The causes of action relating to De Pino as executrix of the estate of Shirley Metzger are not presently before this Court.

[2] In a letter to the parties, the trial court expressly stated that it was granting partial summary judgment on the grounds of res judicata and on standing.  However, this letter was not the trial court's final judgment. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398-98 (Tex. 1982) ("Letters to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken."); *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d 665, 669 (Tex. App.–Texarkana 1996, writ denied); *but see Barron v. Vanier*, 190 S.W.3d 841, 846 (Tex. App.–Fort Worth 2006, no pet.) (op. on reh'g) (noting that in certain circumstances, letters from judges may be final and appealable orders).

[3] "Split dollar insurance" is defined as a "[t]ype of insurance in which the insurer divides the premium dollar between life insurance protection and investment for the benefit of the insured."  BLACK'S LAW DICTIONARY 806 (6th ed. 1991).

provided that upon Shirley Metzger's death and while the endorsement was in effect, "[t]he Employer shall receive the greater of (1) $1,000,000 or (2) the Net Premiums. The Co-Beneficiary shall receive any remainder of the net death proceeds, except that if the net death proceeds are less than the Net Premiums, the entire net death proceeds shall be payable to the Employer."

In 1995, Shirley Metzger executed a "Change of Beneficiary" form purporting to cancel the previous beneficiary designations under the policy and naming Leticia de Pino as primary beneficiary, Debra Ann Metzger as contingent beneficiary, and Katherine Lee Metzger as second contingent beneficiary. Typewritten in the signature box is, "Sort-Rite International, Inc." "Shirley Metzger, President." Metzger's purported signature appears in the signature box as well. According to the appellants, Jefferson-Pilot endorsed and stamped the change of beneficiary form and recorded it in its books.

On March 23, 2001, Shirley Metzger died. Sort-Rite, third-party creditors, and other claimants asserted rights to the policy proceeds. On August 15, 2001, Jefferson-Pilot filed an interpleader action in the United States District Court for the Southern District of Texas, Brownsville Division. Jefferson-Pilot was the plaintiff; it sued the claimants, including appellants, Sort-Rite, and the third-party creditors and sought to interplead the policy proceeds into the registry of the court. The District Court accepted the interpleader, and the policy proceeds were deposited into the Court's registry.

On December 6, 2001, pursuant to Federal Rule of Civil Procedure 41, Jefferson-Pilot successfully moved to dismiss itself from the case. *See* FED. R. CIV. P. 41(a)(1)(A)(ii). All parties, including appellants, agreed to dismiss Jefferson-Pilot from the suit. *See id.* According to appellants, subsequent to being dismissed, Jefferson-Pilot, asserted for the

3

first time that the change of beneficiary form was ineffective. Sort-Rite adopted this position in the ongoing interpleader litigation, and argued that the change of beneficiary form required two signatures by Sort-Rite corporate personnel in order to change the corporate beneficiary. Without two such signatures, Sort-Rite argued, that the change of beneficiary form served only to change the beneficiaries on the personal side of the policy.

On September 5, 2002, the federal district court granted summary judgment for Sort-Rite in the interpleader action. The Court held:

> Because Shirley Metzger had no right to unilaterally change the rights of Sort-Rite under the policy, any change of beneficiary effected [sic] only the rights of the beneficiaries she had the right to designate: Katherine Metzger, Debra Metzger Finch, and Frances Merrick (the original beneficiaries), and the newly-named beneficiary (Leticia de Pino) to the portion that Shirley Metzger unilaterally controlled, $500,000. Therefore, this Court finds that Sort-Rite has maintained and continues to maintain its interest in the $1,000,000 "Employer" portion of the policy.

The Court further noted that "there is no evidence that Jefferson-Pilot viewed Sort-Rite's interest in the $1,000,000 portion as having been changed; in fact, there is evidence to the contrary." On December 19, 2002, the Court disbursed the interpleaded amounts with the $1,000,000 "Employer" portion of the policy plus interest being paid to Sort-Rite and the remainder to De Pino. In 2003, the United States Court of Appeals for the Fifth Circuit affirmed the District Court. *See Jefferson-Pilot Life Ins. Co. v. Sort-Rite Int'l, Inc.*, 78 F. App'x 358, 359 (5th Cir. 2003).

On March 11, 2004, De Pino, individually and as executrix of the estate of Shirley Metzger, Debra Finch, and Katherine Metzger sued Jefferson-Pilot in state district court. They sought damages for breach of contract, negligence, breach of the duty of good faith and fair dealing, and insurance code violations. Without stating the grounds therefor, the trial court rendered partial summary judgment for Jefferson-Pilot and against De Pino

4

individually, Katherine Metzger, and Debra Finch. On appeal, the appellants assert four issues, and Jefferson-Pilot argues, among other things, that the appellants failed to address one of the grounds upon which summary judgment may have been granted.

## II. APPLICABLE LAW

To prevail on appeal when the trial court grants summary judgment without stating its reasons, as the trial court did in the present case, the appellant must demonstrate that summary judgment would be improper on all grounds presented in the motion. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Johnson v. Hoechst Celanese Corp.*, 127 S.W.3d 875, 878 (Tex. App.–Corpus Christi 2004, no pet.). "If the appellant fails to negate each ground on which the judgment may have been granted, the appellate court must uphold the summary judgment." *Haas v. George*, 71 S.W.3d 904, 912 (Tex. App.–Texarkana 2002, no pet.); *see de Laurentis v. United Servs. Auto. Ass'n*, 162 S.W.3d 714, 726 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (citing *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.–Houston [14th Dist.] 1998, no pet.)).

## III. STANDING

The issue of standing was Jefferson-Pilot's first ground in its motion for summary judgment, and the trial court addressed standing in its letter to the parties as one of two reasons for granting the motion for summary judgment. On appeal, Jefferson-Pilot argues that the partial summary judgment should be upheld on the grounds of standing because appellants failed to address standing in their brief to this Court. However, buried in their limitations argument, appellants state:

> To the extent the Insurance Company claims Appellants [sic] lack standing
> to assert or determine their contract rights, they are incorrect. All appellants
> are either express third party beneficiaries or contingent third party

beneficiaries.[4]   The Insurance Company owes them express contractual duties and duties of care arising from this insurer/beneficiary relation.  All appellants are personally aggrieved by the Insurance Company's conduct.

Additionally, in their fourth issue, the appellants assert that "[n]one of [Jefferson-Pilot's] grounds of summary judgment below should have been granted.  Appellants expressly deny that summary judgment should have been granted and move the Court to remand."

Appellants cite *Malooly Bros., Inc. v. Napier* to support their assertion that their brief sufficiently argued the standing issue.  461 S.W.2d 119, 121 (Tex. 1970).  *Malooly* provides that a general point of error stating that the trial court erred in granting summary judgment is sufficient "to allow argument as to all the possible grounds upon which summary judgment should have been denied."  *Id.*; *see also Plexchem Int'l, Inc. v. Harris County Appraisal Dist.*, 922 S.W.2d 930, 930-31 (Tex. 1996) (per curiam).

Subsequent decisions by appellate courts have interpreted *Malooly* to allow "the non-moving party to argue broadly on appeal under a general point of error"; however, it does not "relieve[] an appellant of the burden to challenge the grounds for the summary judgment and present at least some argument for his case on appeal."  *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex. App.–Corpus Christi 1998, no pet.) (citing *Malooly*, 461 S.W.2d at 121).[5]  By presenting the *Malooly* point, appellants sufficiently raised the general

---

[4] According to a footnote in the federal district court's order in the interpleader action, "Debra Ann Metzger Finch and Katherine Lee Metzger [did] not contend that they [were] presently beneficiaries under the Policy; instead their interest [was] through an agreement with de Pino to share in any proceeds which de Pino may recover as a result of [the interpleader]."

[5] *See McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.–Houston [1st Dist.] 2007, pet. denied) ("The challenging party must also, however, present those arguments and supporting authority in order to merit reversal."); *Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502-03 (Tex. App.–Houston [14th Dist.] 2004, pet. denied) ("Although Cruikshank has made a general *Malooly* point of error, we hold this is only sufficient to preserve a complaint if the specific ground challenged on appeal is supported by argument."); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 116 n.3 (Tex. App–Waco 1999, no pet.) (holding that although appellant generally asserted error in granting the motion for summary judgment, appellant's failure to challenge a specific issue results in that issue not being properly presented for review); *Nat'l Union Fire Ins.*

issue of the propriety of the trial court's granting the partial summary judgment. *See id.*; *see also Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-500-CV, 2008 Tex. App. LEXIS 3517, **18-19 (Tex. App.–Corpus Christi May 15, 2008, pet. filed) (mem. op.) ("[A] sufficiently raised issue is not the end of an appellant's burden—an appellant must not only raise a proper issue, he or she must present arguments and supporting authority for the court to reverse a summary judgment."). However, appellants have failed to attack every basis for summary judgment raised in the trial court. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. John Zink Co.*, 972 S.W.2d 839, 845-46 (Tex. App.–Corpus Christi 1998, pet. denied). For example, in *National Union Fire Insurance Co.*, in addition to asserting a *Malooly* point of error, appellant's "arguments address[ed] the various elements" of the appellee's grounds for summary judgment. *Id.* at 846. Additionally, the Texas Supreme Court has held that three pages of arguments and authorities is sufficient to challenge, on appeal, a specific ground for summary judgment when the non-movant raises a *Malooly* point but does not expressly assign error as to that specific ground. *Plexchem Int'l, Inc.*, 922 S.W.2d at 931.

In the present case, though the appellants did raise a *Malooly* point, their four

---

*Co. of Pittsburgh, Pa. v. John Zink Co.*, 972 S.W.2d 839, 845-46 (Tex. App.–Corpus Christi 1998, pet. denied) (holding that where party on appeal attacks, under a general, *Malooly* point of error, each of the elements of res judicata and collateral estoppel, two of the grounds upon which summary judgment may have been granted, the party has sufficiently assigned error as to those grounds); *State ex rel. White v. Bradley*, 956 S.W.2d 725, 734-35 (Tex. App.–Fort Worth 1997) ("By complaining that the trial court erred in granting [the Appellee's] motion for summary judgment, the [Appellant] has complied with [Texas Rule of Appellate Procedure 38.1(e)] and is entitled to brief and argue all possible grounds upon which [the Appellee's] summary judgment motion should have been denied.") *rev'd on other grounds by* 990 S.W.2d 245 (Tex. 1999); *see also Hernandez v. State and County Mut. Ins. Co.*, No. 13-06-634-CV, 2008 WL 2151537, at *1 (Tex. App.–Corpus Christi May 22, 2008, no pet.) (mem. op.) (noting that merely raising an issue does not satisfy the appellant's burden and that for the court to reverse a summary judgment, the appellant must also present argument and authorities); *Engel v. Bunn-O-Matic Corp.*, No. 2-05-064-CV, 2006 Tex. App. LEXIS 1484, at *6 (Tex. App.–Fort Worth, Feb. 23, 2006, pet. denied) (mem. op.)*.

sentences of commentary regarding standing buried in their specific challenge to Jefferson-Pilot's limitations defense are not sufficient to assign error on the ground of standing. In the context of standing, the appellants present no authority for their assertions that they are third-party beneficiaries nor that Jefferson-Pilot owed a duty to them as such. The appellants cite one case which merely states that to have standing, one must be personally aggrieved. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).[6] While we do not believe that three pages of authorities and arguments are necessarily required for every challenge raised under a *Malooly* point, *see Plexchem Int'l, Inc.*, 922 S.W.2d at 931, we hold that the bare assertion of standing in this case is inadequate to attack the ground of standing upon which the trial court may have based its partial grant of summary judgment. *See Pena*, 980 S.W.2d at 959; *Nat'l Union Fire Ins. Co.*, 972 S.W.2d at 845-46.

## IV. CONCLUSION

Because appellants failed to negate each ground upon which the summary judgment may have been granted, we must affirm the summary judgment. *See Haas*, 71 S.W.3d at 912.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 2nd day of April, 2009.

---

[6] A personal grievance is necessary but not sufficient to establish standing. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).