ACCEPTED
04-14-00342-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/2/2015 11:39:12 PM
KEITH HOTTLE
CLERK

# 04–14–00342–CV

In the Court of Appeals

Fourth Court of Appeals District of Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

7/2/2015 11:39:12 PM

KEITH E. HOTTLE
Clerk

Appeal from the 285th Judicial District Court
Bexar County, Texas
Trial Court No. 2000–CI–12923

Richard A. Rodriguez

v.

JPMorgan Chase Bank, N.A.

## Motion for Rehearing En Banc by Appellant Richard A. Rodriguez

R. Robert Willmann, Jr.
P.O. Box 460167
San Antonio, Texas 78246
Tel 844-244-9973
Temporary Fax 361-552-4305
Bar No. 21655960
Attorney for Appellant

**04–14–00342–CV**

In the Court of Appeals

Fourth Court of Appeals District of Texas

---

Appeal from the 285th Judicial District Court
Bexar County, Texas
Trial Court No. 2000–CI–12923

---

Richard A. Rodriguez
v.
JPMorgan Chase Bank, N.A.

---

**Motion for Rehearing En Banc by Richard A. Rodriguez**

---

Comes now appellant, Richard A. Rodriguez, and submits this motion for rehearing en banc regarding the memorandum opinion of June 17, 2015, pursuant to Tex. R. App. P. 49.7.

### References to the Record

The record consists of the clerk's record in two volumes and a supplemental clerk's record, and six volumes of reporter's records.

The record was filed electronically and the computer files in pdf format were received from the clerk with the following file names and the titles appearing on the first page of each file, along with the number of pages of the pdf computer file itself.

- 04-14-00342-CV CLK REC VOL 1 7-30-14.pdf

  Clerk's Record Volume I (460 pdf pages)

  Will be cited as 1 CR [page] x, pdf [page] x.

- 04-14-00342-CV CLK REC VOL 2 7-30-14.pdf

1

Clerk's Record Volume II (536 pdf pages)

Will be cited as 2 CR [page] x, pdf [page] x.

- BEXAR-2000CI12923-CLR-1SUPP-VOL001.pdf

  Clerk's Supplemental Record (35 pdf pages)

  Will be cited as 1 Supp CR [page] x, pdf [page] x.

- 04-14-00342-CV RPT Record V1-Kayleen Rivera 7-23-14.pdf

  Reporter's Record, Volume 1 of 4, Master Index (6 pdf pages)

  Will be cited as RR 1 KR [page] x.

- 04-14-00342-CV RPT Record V1-Kay Gittinger 7-23-14.pdf

  Motion to Recuse Hearing (43 pdf pages)

  Will be cited as RR 1 KG [page] x.

- 04-14-00342-CV RPT Record V2-Kay Gittinger 7-23-14.pdf

  Exhibits [from the Motion to Recuse hearing] (101 pdf pages)

  Will be cited as RR 2 KG exh [number] x, p. x

- 04-14-00342-CV RPT Record V2-Kayleen Rivera 7-23-14.pdf

  Reporter's Record, Volume 2 of 4, Honorable Dick Alcala, February 10, 2014 (204 pdf pages)

  Will be cited as RR 2 KR [page] x.

- 04-14-00342-CV RPT Record V2-Erminia Uviedo 7-28-14.pdf

  February 11, 2014, Volume 2 of 3 (766 pdf pages; only the first 148 pages are applicable, the rest are duplications)

  Will be cited as RR 2 EU [page] x.

- 04-14-00342-CV RPT Record V3-Erminia Uviedo 7-28-14.pdf

  February 11, 2014, Volume 3 of 3 (156 pdf pages)

  Will be cited as RR 3 EU exh [number] x, p. x.

The parties and witnesses may also be referred to by their given names, including first or last names.

JPMorgan Chase Bank, N.A. may also be referred to as JPMC.

## Points for Rehearing

1.  Rehearing should be granted because the the broadly worded first issue on the statute of limitations, together with the three more specific ones and the points made in the argument to them, properly raise issues regarding limitations which should all be reviewed on appeal.

2.  Rehearing should be granted because exhibit 24 should not have been admitted into evidence since the requirements of Tex. R. Civ. P. 193.6 did not appear in the record at the time the objection was made.

3.  Rehearing should be granted because even with a principal balance of the note stated by Appellant, it is not possible to calculate from that or any other number and get to the jury's award of $441,027.10.

4.  Rehearing should be granted because evidence of attorney fees should not have been admitted into evidence since the requirements of Tex. R. Civ. P. 193.6 did not appear in the record at the time the objection was made.

5.  Rehearing should be granted because the improper communication sent to the regional presiding judge caused him to act act and appoint a senior district judge to preside over the case.

6.  As an erratum, on page 3 of the court's memorandum opinion, it states that the jury trial in this case began on February 10, 20131. It started on February 10, 2014. RR 2 KR 1.

## Argument

### Rehearing Point Number One

1.  Rehearing should be granted because the the broadly worded first issue on the

3

statute of limitations, together with the three more specific ones and the points made in the argument to them, properly raise issues regarding limitations which should all be reviewed on appeal.

In his amended brief and reply brief, Rodriguez presented and argued together four points of error regarding the the subject of the statute of limitations. The matter of limitations in this case includes more than one issue or point. They were included within the argument under the four issues and were covered by the issues presented themselves. The statute of limitations was addressed in Appellant's amended brief on pages 12-22 (pdf pp. 19-29), and in his reply brief on pages three to eight (pdf pp. 10-15).

On pages three and four of the memorandum opinion, Point of Issue One was discussed, with the statements that "...Rodriguez fails to assert any particular error committed by the trial court and fails to provide any supporting caselaw or citation to the record to support this general challenge", and "When, as here, an appellate issue is asserted generally, but not supported by argument or citation to the record or legal authority, nothing is presented for review". Mem. Op. at 4.

Tex. R. App. P. 38.1(f) states–

(f) *Issues Presented.* The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

The four issues that were argued together about the statute of limitations are—

1. The trial court erred by denying the affirmative defense of the statute of limitations asserted by Richard Rodriguez, when he was the plaintiff, regarding the counterclaim filed against him.

2. The trial court erred by denying the affirmative defense of the statute of limitations asserted by Richard Rodriguez to the counterclaim against him because the express language of section 16.035 of the Texas Civil Practice and Remedies Code requires that a pleading for a judicial foreclosure explicitly state that it is a suit for a judicial foreclosure or to foreclose on a lien.

4

3.  JPMC waived any issue of abandonment of acceleration of the note by not requesting a jury question on it.

4.  To the extent that a motion filed by JPMorgan Chase Bank on the day of trial pursuant to Tex. R. Civ. P. 248 was considered by the trial court as a motion for summary judgment regarding Appellant's assertion of the statute of limitations, the trial court erred in considering it over Appellant's objection in conjunction with denying the relief of limitations.

In *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970), the plaintiff did not make a broader and more general point of error that would have included issues involved in the summary judgment. The Texas Supreme Court suggested that—

> In such a situation the best approach on appeal would be a Point of Error which simply complains, "The Trial Court Erred In Granting The Motion For Summary Judgment." Such a point would be sufficient to comply with Rule 418, Texas Rules of Civil Procedure, and to allow argument as to all the possible grounds upon which summary judgment should have been denied [citations omitted].

> It would, however, also be possible to challenge the judgment of the trial court by separate Points of Error which raise the contentions that the movant failed to establish as a matter of law that there is no genuine issue of fact as to each of the several grounds asserted in a motion upon which the trial court could have based a summary judgment.

In *Anderson v. Gilbert,* 897 S.W.2d 783, 784 (Tex. 1995), the court stated–

> The court of appeals held that Anderson's first seven points of error attacked the judgment rather than a specific finding of fact by the trial court, and thus did not present any justiciable question. We disagree.

> A point of error "is sufficient if it directs the attention of the appellate court to the error about which complaint is made." Tex. R. App. P. 74(d). Courts are to construe rules on briefing liberally [citations omitted]. An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points [citations omitted].

In *Plexchem International, Inc. v. Harris County Appraisal District,* 922 S.W.2d 930 (Tex. 1996), the court continued the position taken in *Malooly Brothers* and *Anderson.* On pages 930-931, the opinion asserted that–

5

The court of appeals erred in holding that HCAD waived error by not assigning a point of error to is argument that Plexchem failed to exhaust administrative remedies. *Id.* at n. 3. HCAD's first point of error in its brief to the court of appeals stated: "The trial court erred by granting Plexchem's motion for summary judgment." This Court has recognized that such language is sufficient to preserve error and to allow argument as to all possible grounds upon which summary judgment should have been denied. *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970). In addition to using this language in its point of error, HCAD presented three pages of argument and authorities on this issue in its brief....HCAD's point of error and accompanying briefing were adequte to preserve error on this issue.

These opinions establish the doctrine, which remains effective, that broadly worded points of error or issues, along with what is discussed and pointed out in the argument under such a point, present issues for review on appeal.

In the case at bar, Appellant presented an issue that it was error to deny the defense of limitations regarding the counterclaim filed against him when he was the plaintiff. That issue, along with three more specific ones, were all argued together. In the argument in his amended brief, Rodriguez provided extensive citations to the record, and applied rules and appellate opinions regarding his arguments, some of which were not expressly stated in the numbered issues presented. In his reply brief, he again cited to the record and answered various arguments made by the Appellee JPMC.

Rodriguez cited to letters in his amended brief that were introduced into evidence at the hearing on limitations and two additional letters that were part of the record before the court in his motion for judgment notwithstanding the verdict. The letters, from March to May 2000, were included because it can be argued that they constituted notices of intent to accelerate the note or acceleratoins of the note, in light of *Bowie National Bank v. Stevens,* 532 S.W.2d 67,68 (Tex. 1975).

JPMC in its brief on page nine asserted that "...the evidence demonstrated that the loan was first accelerated on July 7, 2000." This comes from the July 7, 2000 letter from

6

the Barrett Burke law firm to Rodriguez. On page 10 of its brief, in footnote one, Appellee states, "...JPMC does not address the abandonment argument and instead assumes that the July 7, 2000 acceleration remained effective." These positions and concessions support Rodriguez's position.

If the July 7, 2000 letter is used as the notice of acceleration of the note, then the first counterclaim filed against Rodriguez on August 11, 2004 is facially barred by the four year statute of limitations. JPMC argued that limitations was tolled by orders and agreements of the parties, although none of them stated that limitations was being suspended or tolled. Rodriguez responded that absolutely none of the agreements and orders referred to by JPMC prevented it from filing a counterclaim within the four year limitations period, no matter what letter to him would be used as a notice of acceleration of the note.

In fact, the initial defendant, the First National Bank of Chicago, filed an original answer on September 18, 2000, 1 CR 14-15, pdf 25-26, only 13 days after Rodriguez filed his original petition on September 5, 2000. 1 CR 1-8, pdf 12-19. A counterclaim could have been filed against him at that time.

Accordingly, the issue of limitations should be reconsidered, and the arguments and points made by Appellant in his amended brief and reply brief should be addressed.

**Rehearing Point Number Two**

2. Rehearing should be granted because exhibit 24 should not have been admitted into evidence since the requirements of Tex. R. Civ. P. 193.6 did not appear in the record at the time the objection was made.

Appellant in his fifth issue presented asserted that exhibit 24, a payoff statement, had not been timely disclosed as required by Tex. R. Civ. P. 193.6.

This issue was addressed on pages 22-26 (pdf pp. 29-33) of Rodriguez's amended brief. Appellant believes that the rule does require that specific things appear in the record

7

at the time an objection is made in order to excuse the failure of the party offering the evidence to amend or supplement a discovery response.

The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence. This is the first requirement and means that the party offering the evidence has to put into the record at that time information to meet the burden of making the showing.

Then, the court is to make a finding in the record at the time the objection is made that there was good cause or no unfair surprise or unfair prejudice.

Both of those mandates of Tex. R. Civ. P. 193.6 were not met in the case at bar.

The statement in Rule 193.6(b) that "A finding of good cause or the lack of unfair surprise or unfair prejudice must be supported by the record" indicates that there must be both a showing by the offering party and a finding by the court on the record when the objection is made.

**Rehearing Point Number Three**

3. Rehearing should be granted because even with a principal balance of the note stated by Appellant, it is not possible to calculate from that or any other number and get to the jury's award of $441,027.10.

In issue presented number six, this matter was raised in Appellant's amended brief on pages 26-29 (pdf pp. 33-36). As explained therein, the language of the note does not make it possible to correctly calculate the amount of interest owed, and certainly not the amount of $441,027.10 placed in the verdict and final judgment.

Because the calculation cannot be made using the language of the note, in a review of legal sufficiency, reasonable and fair-minded people could not reach the verdict in Question Three of the jury charge to compensate JPMC for the total amount due on the Loan Agreement.

8

**Rehearing Point Number Four**

4. Rehearing should be granted because evidence of attorney fees should not have been admitted into evidence since the requirements of Tex. R. Civ. P. 193.6 did not appear in the record at the time the objection was made.

Like Rehearing Point Number Two, this issue involves an untimely designation under the discovery rules. In this instance, the attorney providing the evidence was not disclosed 30 days before trial. The point was in issue presented number seven, discussed in Appellant's brief on pages 29-34 (pdf pp. 36-41).

The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence. This is the first requirement and means that the party offering the evidence has to put into the record at that time information to meet the burden of making the showing.

Then, the court is to make a finding in the record at the time the objection is made that there was good cause or no unfair surprise or unfair prejudice.

Both of those mandates of Tex. R. Civ. P. 193.6 were not met in the case at bar.

The statement in Rule 193.6(b) that "A finding of good cause or the lack of unfair surprise or unfair prejudice must be supported by the record" indicates that there must be both a showing by the offering party and a finding by the court on the record when the objection is made.

**Rehearing Point Number Five**

5. Rehearing should be granted because the improper communication sent to the regional presiding judge caused him to act act and appoint a senior district judge to preside over the case.

In issue presented number eight, Appellant discussed his motion to recuse and that it should have been granted. This issue is in his amended brief on pages 34-38 (pdf pp.

9

41-45).

The obviously improper and prejudicial letter was acted upon by the regional presiding judge and a visiting senior district judge was appointed to handle all aspects of the case. The letter was concealed from Appellant and his counsel and was discovered by happenstance in the district clerk's file.

The fact that the letter influenced the regional presiding judge to appoint a visiting judge to preside over the case when there was an adequate number of judges in Bexar County to handle the case indicates that the judge's impartiality might reasonably be questioned and that the judge has a personal bias or prejudice concerning the subject matter or a party. Tex. R. Civ. P. 18b. Furthermore, Appellant showed in his amended brief how the conduct violated the Canons of Judicial Conduct and Judicial Ethics Opinion Number 154.

## Rehearing Point Number Six

As an erratum, on page 3 of the court's memorandum opinion, it states that the jury trial in this case began on February 10, 2013. It started on February 10, 2014. RR 2 KR 1.

This point refers to the date of the trial.

## Conclusion and Prayer

Therefore, Richard A. Rodriguez prays that this motion for rehearing en banc be filed; that it be submitted for consideration and determination; that rehearing en banc be granted; that the opinion of June 17, 2015 be withdrawn and the judgment of that same date be vacated; that a new opinion be issued; that this court reverse the final judgment of the trial court and render judgment that a judicial foreclosure is barred by limitations and the lien is void, and render judgment that no money is owed on the note and no attorney fees may be awarded; that this court reverse the partial summary judgment regarding Appellant's second amended original petition and remand the case for trial on the second amended original petition; in the alternative, that this court reverse and remand the case for trial because

10

recusal of the trial judge should have been granted; in the alternative, that the cause be remanded for trial on any appropriate and applicable issues; that all costs be taxed against Appellee; and that he have such other relief, in law or equity, to which he may be justly entitled.

Respectfully Submitted,


/s/ R. Robert Willmann, Jr.
_____
R. Robert Willmann, Jr.
P.O. Box 460167
San Antonio, Texas 78246
Tel 844-244-9973
Temporary Fax 210-828-1767
Bar No. 21655960
Attorney for Richard A. Rodriguez

**Certificate of Service**

I certify that this motion for rehearing en banc was served by–

an electronic filing service and e-mail to Marcie Schout, Quilling, Selander, Lownds, Winslett & Moser, 2001 Bryan Street, Suite 1800, Dallas, Texas 75201 (attorney for appellee JPMorgan Chase Bank, N.A.),

on the 2nd day of July, 2015.

/s/ R. Robert Willmann, Jr.
_____
R. Robert Willmann, Jr.
