**AFFIRM; and Opinion Filed January 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00127-CV

### DENNIS K. WHITE, Appellant
### V.
### LUIS CALVACHE AND NORMA CALVACHE, Appellees

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-00016-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

Appellees Luis and Norma Calvache agreed to sell a house to Dennis K. White in exchange for a cash payment and White's assumption of the payments on two existing loans on the property. As part of the transaction, White signed a Deed of Trust to Secure Assumption (DOTSA) for each existing loan. The DOTSAs provided that appellees had a right to foreclose on the property if White failed to make all payments required by the existing loans.

Appellees subsequently notified White that he was in default under the terms of one of the loans, and they intended to sell the property at a foreclosure sale. White filed this lawsuit, seeking damages and a temporary injunction to prevent the foreclosure sale. The trial court did not rule on White's request for injunctive relief, and the property was sold at a foreclosure sale. The trial court subsequently granted appellees' motion for traditional and no-evidence summary judgment, and

dismissed White's remaining claims. White, appearing pro se in this appeal, contends the trial court erred by failing to rule on his request for injunctive relief and by granting summary judgment in favor of appellees. We affirm the trial court's judgment.

**Background**

On July 9, 2011, appellees agreed to sell to Kristin Gerst a house located at 700 Riverhead in Wylie, Texas, for consideration in the amount of $170,825.77, consisting of $3,500 cash and assumption of the payments on two existing loans on the property. Attached to the contract was a Loan Assumption Addendum that stated the unpaid balance on the first loan was $133,490.13, the monthly payment of principal and interest on the first loan was $1,002.98, the unpaid balance on the second loan was $33,835.64, and the monthly payment of principal and interest on the second loan was $306.89.

Gerst assigned the contract to purchase the house to White in exchange for $1,500. The Assignment of Contract for Purchase and Sale signed by White sets out the approximate balance of each loan, as well as the interest rate, the monthly payment for "PI," and the term on each loan. At the closing on July 30, 2011, White signed a number of documents acknowledging he was purchasing the property subject to the existing loans. The closing documents provided White information about the term of each loan, and the amount of the required monthly payment on each loan. White acknowledged the monthly payments included only principal and interest, and that he was required to pay separately for insurance and taxes assessed on the property. White signed a DOTSA for each loan, giving appellees the right to foreclose on the property if White failed to make payments required by each loan.

White agreed to pay appellees the amount of the loan payments each month, and appellees agreed to use that money to make the payments on the loans. Immediately after the closing, White and appellees had a dispute over who was required to make the August 2011 loan payments. The

parties had additional disputes over the next few years regarding payments on the loans, as well as payments for insurance and taxes assessed on the property. In November 2015, appellees notified White that they intended to foreclose on the property. White then filed this lawsuit against appellees; Ocwen Loan Servicing, LLC;[1] Horne & Associates, P.C., the law firm that prepared documents relating to the sale of the property; and L. Scott Horne, an attorney with Horne & Associates,[2] seeking to recover damages, and requesting a declaration the DOTSAs were void. White also sought a temporary injunction to prevent appellees from foreclosing on the property.

The trial court held a hearing on White's request for injunctive relief on February 1, 2016. Following the hearing, the parties filed briefs with the trial court on the issue of whether a new promissory note was required when a purchaser of real property assumes existing loans. Appellees subsequently provided White with information regarding payments made on the two loans and additional charges and fees imposed by Ocwen.

On February 5, 2016, Tina Hill, an attorney with Horne & Associates, sent three letters to White on behalf of appellees. In the first letter, Hill demanded that White obtain homeowner's insurance on the property by February 15, 2016, and informed White that his failure to do so would constitute a default on the first loan. In the second letter, Hill notified White that he was in default on the first loan due to his failure to maintain "proper and current insurance" on the property. Hill indicated that, if White did not provide proof of homeowner's insurance by February 25, 2016, the loan would be accelerated. She further stated that if "the past due installments" were not paid by February 25, 2016, foreclosure proceedings would be instituted. Finally, in the third letter, Hill stated White was in default on the first loan by (1) failing to pay the required installments of

---

[1] Ocwen was the servicer of one of the loans on the property. The trial court granted Ocwen's motion for summary judgment, and White has not appealed that ruling.

[2] White dismissed his claims against Horne & Associates, P.C. and Horne.

principal and interest on the loan, taxes assessed on the property, and charges and late fees; (2) failing to maintain insurance on the property; and (3) allowing a "tax lien loan" to be placed on the property.[3] Hill demanded that White pay $27,990.68 to cure the default.[4] Hill informed White that if he did not pay that amount by February 25, 2016, the entire balance of the loan would be accelerated and foreclosure proceedings would be instituted.

On March 15, 2016, Horne sent White a notice of acceleration of the first loan on the property. Horne informed White that, due to his failure to cure the default, all unpaid principal and accrued interest on the first loan was immediately due, and that, as of March 14, 2016, the approximate principal amount due on the first loan was $135,391.95. Also on March 15, 2016, Horne notified White that appellees had requested the property be posted for foreclosure, and the property would be sold on April 5, 2016.[5] White contends appellees purchased the property at the foreclosure sale.

As relevant to this appeal, White filed a second amended petition seeking a declaratory judgment that the substitute trustee's deed executed after the foreclosure sale and the DOTSAs were void, seeking an accounting of all payments made on the loans and a refund of escrow account proceeds, and asserting claims based on common law fraud and misrepresentation, statutory fraud, breach of contract, and the filing of false liens in violation of chapter 12 of the civil practice and remedies code.[6] White filed a motion for traditional summary judgment, and appellees filed a combined traditional and no-evidence motion for summary judgment. The trial court granted

---

[3] Although the record is not clear as to the exact date of the loan, White borrowed money from Tax Loans USA to pay taxes assessed on the property.

[4] Hill stated this amount included principal and interest payments through January 2016, late fees and other charges appellees paid to Ocwen, taxes and insurance for the years 2013, 2014, and 2015, and an approximate payoff of the tax lien loan. Hill also indicated appellees had given White a credit based on his overpayment on the second loan.

[5] This letter is dated March 14, 2016. However, the attached Notice of Trustee's Sale indicates it was signed and notarized on March 15, 2016.

[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.001–.007 (West 2017).

appellees' motion for summary judgment without specifying its basis for doing so, and dismissed all of White's claims against appellees.[7]

### Failure to Rule on Request for Temporary Injunction

In his first issue, White complains the trial court erred by failing to rule on his request for a temporary injunction to prevent the foreclosure sale. To preserve this complaint for appellate review, White was required to establish in the record that the trial court refused to rule on his request for injunctive relief, and he objected to that refusal. *See* TEX. R. APP. P. 33.1(a)(2)(B). Nothing in the appellate record demonstrates the trial court refused to rule or that White objected to its failure to rule. Accordingly, White failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(2)(B); *Booker v. Blow,* No. 05-07-00256-CV, 2008 WL 152226, at *1 (Tex. App.—Dallas Jan. 17, 2008, no pet.) (mem. op.) (concluding appellant waived complaint trial court erred by denying request for temporary injunction by failing to secure ruling); *Ramirez v. Tex. State Bd. of Med. Examiners*, 99 S.W.3d 860, 863 (Tex. App.—Austin 2003, pet. denied). We resolve White's first issue against him.

### Grant of Summary Judgment

In his second issue, White contends the trial court erred by granting summary judgment because he "identified and provided evidence to [sic] material fact issues that preclude summary judgment on his claims in his response to" appellees' motion for summary judgment.

#### *Scope of Challenge*

Although we must liberally construe pro se pleadings and briefs, *Williams v. Dallas Area Rapid Transit*, No. 05-14-01303-CV, 2016 WL 374833, at *2 (Tex. App.—Dallas Feb. 1, 2016, no pet.) (mem. op.), we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfield*

---

[7] The record does not reflect that White set his motion for summary judgment for hearing or that the trial court ruled on the motion.

*State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Williams*, 2016 WL 374833, at *2. Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Williams*, 2016 WL 374833, at *2; *Pajooh v. Miller*, No. 01-16-00927-CV, 2017 WL 4896725, at *2 (Tex. App.—Houston [1st Dist.] Oct. 31, 2017, no pet. h.) (mem. op.).

A general challenge to the grant of summary judgment is sufficient to preserve error and "to allow argument as to all possible grounds upon which summary judgment should have been denied." *Plexchem Int'l, Inc. v. Harris Cty. Appraisal Dist.*, 922 S.W.2d 930, 930–31 (Tex. 1996) (per curiam); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). However, an appellant asserting in a general appellate issue that the summary judgment was erroneous, "must also support that issue with argument challenging all possible grounds on which the summary judgment could have been granted or a reviewing court will affirm the summary judgment." *Ganter v. Indep. Bank*, No. 05-15-00413-CV, 2016 WL 4376284, at *7 (Tex. App.—Dallas Aug. 16, 2016, pet. denied) (mem. op.).

White's second issue, as stated, broadly challenges the trial court's grant of summary judgment in favor of appellees. However, in his appellate brief, White substantively argues only that the trial court erred by granting appellees' motion for summary judgment on his requests that the trial court declare the substitute trustee's deed executed after the foreclosure sale and the DOTSAs were void, and on his claims for common law fraud and misrepresentation, statutory fraud, and breach of contract. White failed to substantively challenge the trial court's grant of summary judgment on his claim appellees filed false liens in violation of chapter 12 of the civil practice and remedies code, and on his request for a full accounting and refund of escrow account proceeds. Because White has not challenged the trial court's summary judgment on these claims, we affirm the summary judgment rendered in favor of appellees on White's claim based on the

filing of false liens in violation of chapter 12 of the civil practice and remedies code, and on his request for a full accounting and refund of escrow account proceeds. *See Richardson v. Potter's House of Dallas, Inc.*, No. 05-16-00646-CV, 2017 WL 745803, at *2 (Tex. App.—Dallas Feb. 27, 2017, pet. denied) (mem. op.); *Carto Properties, LLC v. Briar Capital, L.P.*, No. 01-15-01114-CV, 2017 WL 2545091, at *5 (Tex. App.—Houston [1st Dist.] June 13, 2017, no pet.) (mem. op.).

*Standard of Review*

We review a trial court's grant of summary judgment de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). With respect to a traditional motion for summary judgment, we review whether the movant met its burden of demonstrating that no genuine issue of material fact exists and judgment should be rendered as a matter of law. Tex. R. Civ. P. 166a(c); *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017). In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standards used to review a directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of a claim. Tex. R. Civ. P.166a(i); *Gish*, 286 S.W.3d at 310. The trial court must grant the motion unless the nonmovant produces evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.—1997; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact on each of the challenged elements, then a no-evidence summary judgment is not proper. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (per curiam).

In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *B.C.*, 512 S.W.3d at 279; *Boerjan*, 436 S.W.3d at 312.

We credit evidence favorable to the nonmovant if a reasonable factfinder could, and disregard contrary evidence and inferences unless a reasonable factfinder could not. *Samson Exploration, LLC v. T.S. Reed Properties, Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Boerjan*, 436 S.W.3d at 311–12.

When a party files both traditional and no-evidence motions for summary judgment, we generally address the no-evidence motion first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Schoppe v. Deutsche Bank Nat'l Trust Co.*, No. 05-12-00595-CV, 2016 WL 1407883, at *3 (Tex. App.—Dallas Apr. 11, 2016, pet. denied) (mem. op.). If the challenge to the no-evidence summary judgment motion fails, we need not also consider the traditional motion. *Ford*, 135 S.W.3d at 600; *Schoppe*, 2016 WL 1407883, at *3.

*White's Summary Judgment Evidence*

In responding to appellees' no-evidence motion for summary judgment, it was White's burden to identify evidence and explain why it demonstrated a material issue of fact exists on each element challenged by appellees. TEX. R. CIV. P. 166a(i); *B.C. v. Steak N Shake Operations, Inc.*, 532 S.W.3d 547, 552 (Tex. App.—Dallas 2017, pet. filed) (supp. op. on reh'g). White did not attach any evidence to his response to appellees' motion for summary judgment, but referred to documents attached to other pleadings filed with the trial court, including to his motion for summary judgment and to appellees' motion for summary judgment.[8] In the absence of any guidance from White as to where the evidence can be found, neither we nor the trial court is required to sift through a voluminous record in search of evidence to support White's argument a fact issue exists on any challenged element. *See Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776–77 (Tex. App.—Dallas 2013, pet. denied); *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL

---

[8] In granting appellees' motion for summary judgment, the trial court indicated it had taken "judicial notice of the file" and considered "all timely filed pleadings and competent evidence."

461518, at *4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) ("A trial court does not abuse its discretion when it does not consider summary judgment proof to which a [non]movant does not specifically direct the trial court's attention."). Accordingly, in reviewing whether White produced sufficient summary judgment evidence to raise a genuine issue of material fact on any of the elements of his claims challenged by appellees, we will consider only that evidence for which he provided the trial court a specific reference as to where the evidence was located in the record. *See Nguyen*, 404 S.W.3d at 776–77; *Burns*, 2006 WL 461518, at *4.

### *Declaratory Judgment*

White first challenges the trial court's grant of summary judgment on his request for a declaratory judgment that the substitute trustee's deed executed following the foreclosure sale and the DOTSAs were void. Appellees moved for summary judgment on both of these requests on grounds White could produce no evidence there was a justiciable controversy about the rights and status of the parties or of any other legal relationship between the parties; or that there was a real and substantial controversy involving a genuine conflict of tangible interests between the parties.

### Substitute Trustee's Deed

In response to appellees' no-evidence motion for summary judgment on his request that the trial court declare the substitute trustee's deed was void, White relied on two of the letters sent to him by Hill on February 5, 2016, demanding that he cure his default on the first loan by obtaining homeowner's insurance on the property by February 15, 2016, and by paying the sum of $27,990.68 by February 25, 2016, for past due amounts owed on the loan. White asserted these letters "failed to provide accurate notice of default and opportunity to cure" which constituted "an act of wrongful foreclosure based upon a material defect in the foreclosure process and a failure of condition precedent, which resulted in a grossly inadequate and/or unfair sales price[.]" White specifically argued that, pursuant to section 5.066 of the property code, appellees were required to

–9–

provide him no less than sixty days to cure the default, and pursuant to the deed of trust executed by appellees to secure the underlying loan, appellees were required to provide him thirty days to cure the default.[9]

In support of his contention the deed of trust executed by appellees to secure the underlying loan required them to give White thirty days to cure the default, White referred the trial court to exhibit two to his motion for summary judgment. That exhibit consists of one page from an unidentified document, and does not demonstrate it is applicable either to appellees or White or to any period of time the DOTSAs provided White to cure any default. We cannot conclude this one page raises an issue of material fact as to whether the substitute trustee's deed is void because White was not provided with adequate opportunity to cure any default.

We therefore turn to White's argument appellees failed to provide him sixty days' notice to cure the default as required by section 5.066 of the property code.[10] Section 5.066 is a component of chapter 5, subchapter D of the property code, which governs "executory contract[s] for conveyance." *See* TEX. PROP. CODE ANN. § 5.061–.085 (West 2014 & Supp. 2017); *see also Garces v. Hernandez*, No. 13-13-00242-CV, 2016 WL 2970686, at *4 (Tex. App.—Corpus Christi May 19, 2016, no pet.) (mem. op.). Subchapter D does not expressly define "executory contract," but is applicable "only to a transaction involving an executory contract for conveyance of real property used or to be used as the purchaser's residence" or the residence of a close relative. TEX.

---

[9] On appeal, White also argues the February 5, 2016 letters violated "CFPB, 12 CFR Part 1024, neglecting to provide at least 45 days' notice of forced place insurance," and that appellees' calculation of the amount due on the underlying loan on February 5, 2016, was incorrect. White did not raise these arguments in the trial court in response to appellees' no-evidence motion for summary judgment on his request for a declaration that the substitute trustee's deed was void. Because these arguments do not challenge the legal sufficiency of appellees' no-evidence motion for summary judgment, we will not consider them for the first time on appeal. *See Macina, Bose, Copeland & Assocs. v. Yanez*, No. 05-17-00180-CV, 2017 WL 4837691, at *5 & n.2 (Tex. App.—Dallas Oct. 26, 2017, no pet. h.) (mem. op.).

[10] In relevant part, section 5.066 of the property code provides that a purchaser of real estate who has paid forty percent or more of the amount due, or the equivalent of forty-eight monthly payments, under an executory contract must be given sixty days after notice to cure the default. TEX. PROP. CODE ANN. § 5.066(a)–(b) (West Supp. 2017).

PROP. CODE ANN. § 5.062(a) (West Supp. 2017).[11] This Court has concluded an executory contract for the sale of land, such as a contract for deed, results in "superior title remain[ing] with the seller until the purchaser fulfills its part of the contract." *Reeder v. Curry*, 294 S.W.3d 851, 856 (Tex. App.—Dallas 2009, pet. denied); *see also Shook v. Walden*, 368 S.W.3d 604, 627 (Tex. App.—Austin 2012, pet. denied) ("What is apparent in the structure and wording of subchapter D . . . [is] "the 'executory contract' contemplated by the Legislature, whether or not extending beyond contracts for deed, contemplates that a purchaser satisfy a series of obligations over an extended period of time before the seller has an obligation to transfer title.").

In this case, appellees agreed to sell the property to White, and White agreed to pay a cash down payment and assume the payments on two existing loans on the property. The transaction closed on July 30, 2011, and appellees deeded title to the property to White at that time. Because appellees did not retain title to the property until after White made all required payments on the underlying loans, there was no executory contract for the sale of the property. Accordingly, the provisions of subchapter D of the property code, including the notice and time to cure requirements in section 5.066, did not apply to the transaction.

White failed to produce a scintilla of evidence that the substitute trustee's deed was void because appellees were required by either section 5.066 of the property code or the deed of trust executed by appellees in connection with the underlying loan to provide him with additional time to cure any default under the DOTSAs. Accordingly, the trial court did not err by granting appellees' motion for no-evidence motion for summary judgment on White's request for a declaration the substitute trustee's deed was void.

---

[11] Subchapter D was enacted to protect purchasers who execute a "contract for deed." *Weaks v. White*, 479 S.W.3d 432, 439 (Tex. App.—Tyler 2015, pet. denied) (citing *Flores v. Millennium Interests, LTD.*, 185 S.W.3d 427, 435 (Tex. 2005) (Wainwright, J., concurring)). A "contract for deed" is a "financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full." *Morton v. Nguyen*, 412 S.W.3d 506, 509–10 (Tex. 2013).

<u>DOTSAs</u>

White also contends the trial court erred by granting summary judgment in favor of appellees on his request that the trial court declare the DOTSAs were void. White's complete response to appellees' motion for no-evidence summary judgment on this cause of action was:

> Defendant claims Plaintiff breached contract in August 2011 by failing to pay August 1, 2011 mortgage, however page 5 of exhibit "3" in Plaintiffs [sic] MSJ shows that Plaintiff did in fact make the August 1, 2011 mortgage payment.[12]

White provided no explanation in the trial court about how the parties' dispute over whether he made payments on the loans in August 2011 raised a material issue of fact regarding his request that the trial court declare the DOTSAs were void. It is not appropriate for this Court to make arguments on behalf of the nonmovant as to how the evidence relied upon in response to a no-evidence motion for summary judgment raises a material issue of fact on any element of a claim challenged by the movant. *See B.C.*, 532 S.W.3d at 552; *see also Isaac v. Villas Del Zocalo 3*, No. 05-16-01338-CV, 2018 WL 360166, at *1 (Tex. App.—Dallas Jan. 11, 2018, no pet. h.) (mem. op.) ("In addition, to guess at or make an argument for a party would violate the structure of our system of justice, be unwise, and change our role from neutral and impartial decision makers to advocates."). Accordingly, on this record, we conclude the trial court did not err by granting appellees' no-evidence motion for summary judgment on White's request the trial court declare the DOTSAs were void.

*Fraud Claims*

In an argument in his appellate brief that is not directed toward any specific cause of action, White contends:

---

[12] On appeal, White argues the DOTSAs are void because appellees breached the contract by modifying the terms of the underlying loans after White purchased the property. White did not raise this argument in the trial court in response to appellees' no-evidence motion for summary judgment on White's request the trial court declare the DOTSAs were void. Because this argument does not challenge the legal sufficiency of appellees' no-evidence motion for summary judgment, we will not consider it for the first time on appeal. *Macina, Bose, Copeland & Assocs.*, 2017 WL 4837691, at *5 & n.2.

> [T]he question has been raised as to whether or not [appellees] had any authority to enforce the power of sale contained in either [DOTSAs] when there is no promissory note or other evidence of debt secured by the [DOTSAs] that was signed or endorsed by White, and White argues that both liens are unenforceable and void because there is no evidence of debt under which he was bound to perform.

Based on White's response to appellees' motion for no-evidence summary judgment, we construe this argument as attacking the trial court's grant of summary judgment on White's claims for common law fraud and misrepresentation and statutory fraud.

To establish a claim for either common law fraud or statutory fraud, White was required to prove a misrepresentation of a material fact by appellees. TEX. BUS. & COM. CODE ANN. § 27.01(a) (West 2015) (fraud in transaction involving real estate requires false representation of past or existing material fact); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (an element of common law fraud is a material misrepresentation). In their motion for no-evidence summary judgment, appellees specifically challenged both White's common law and statutory fraud claims on the grounds he could not produce any evidence of a material misrepresentation.

In his response to appellees' no-evidence motion for summary judgment, White argued appellees did not have authority to enforce the power of sale contained in the DOTSAs because White did not sign or endorse a promissory note to secure the DOTSAs, Texas law requires a note and a mortgage to be assigned together, and appellees neither had possession of the underlying notes nor were holders in due course of those notes. White, however, did not refer the trial court to specific evidence identifying any misrepresentation made by appellees or that any such misrepresentation was material. *See* TEX. R. APP. P. 166a(i); *B.C.*, 532 S.W.3d at 552. Accordingly, on this record, we conclude the trial court did not err by granting appellees' no-evidence motion for summary judgment on White's claims for common law fraud and misrepresentation and statutory fraud. *See Chambers v. Allstate Ins. Co.*, No. 05-15-01076-CV, 2016 WL 3208710, at *13 (Tex. App.—Dallas June 9, 2016, pet. denied) (mem. op.) (to defeat no-

–13–

evidence motion for summary judgment, non-movant was require "to point out evidence that raises a fact issue on each of the challenged elements"); *Reynolds v. SW McCart, L.L.C.*, No. 02-14-00161-CV, 2015 WL 3917904, at *2 (Tex. App.—Fort Worth June 25, 2015, no pet.) (mem. op.) (concluding trial court did not err by granting no-evidence motion for summary judgment when non-movant failed to produce evidence raising genuine issue of material fact as to any of element of claims challenged by movant).

*Breach of Contract Claim*

Finally, White challenges the trial court's grant of summary judgment on his breach of contract claim. Appellees moved for summary judgment on the ground White could produce no evidence appellees breached the contract. In his response to appellees' no-evidence motion for summary judgment, White argued appellees breached the contract by continuing to collect the original amount of loan payments from him after modifying the terms of the loans to lower the monthly payments. In support of this argument, White referred the trial court to appellees' "own submitted evidence and documentation," but did not provide the trial court with specific references to evidence that raised an issue of material fact that appellees breached the contract by modifying the terms of the underlying loans. *See* TEX. R. APP. P. 166a(i); *B.C.*, 532 S.W.3d at 552. Accordingly, on this record, we conclude the trial court did not err by granting summary judgment in favor of appellees on White's claim for breach of contract. *See Chambers*, 2016 WL 3208710, at *13; *Reynolds*, 2015 WL 3917904, at *2.

We resolve White's second issue against him.

**Conclusion**

White failed to preserve any error by the trial court in failing to rule on his request for a temporary injunction to prevent the sale of the property. Further, White failed to challenge on appeal the trial court's grant of summary judgment on his claim based on the filing of false liens

in violation of chapter 12 of the civil practice and remedies code and on his request for a full accounting and refund of escrow proceeds. Finally, we conclude the trial court did not err by granting appellees' no-evidence motion for summary judgment on White's requests the trial court declare the substitute trustee's deed and the DOTSAs were void, and on his claims for common law fraud and misrepresentation, statutory fraud, and breach of contract. Because we conclude the trial court did not err by granting appellees' no-evidence motion for summary judgment, we need not consider whether the trial court properly granted appellees' traditional motion for summary judgment. *See Ford*, 135 S.W.3d at 600; *Schoppe*, 2016 WL 1407883, at *3.

We affirm the trial court's judgment.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

170127F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DENNIS K. WHITE, Appellant

No. 05-17-00127-CV      V.

LUIS CALVACHE AND NORMA
CALVACHE, Appellees

On Appeal from the 199th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 199-00016-2016.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Luis Calvache and Norma Calvache recover their costs of
this appeal from appellant Dennis K. White.

Judgment entered this 24th day of January, 2018.